### ALLEN v. ALLEN et al.[1]

(Circuit Court of Appeals, Ninth Circuit. October 3, 1899.)

#### No. 521.

1. JUDGMENTS—RELIEF AGAINST IN EQUITY—FRAUD.

A judgment cannot be impeached in equity on the ground of fraud practiced by the successful party, where it appears that the fraud, if attempted, was unsuccessful.

2. CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—JUDGMENT OF STATE COURT.

The constitutional provision against the impairment by a state of the obligation of contracts does not afford basis for a suit in equity in a federal court by a party defeated in an action in a state court to set aside the judgment on the ground that it impaired the obligation of a contract.

3. JUDGMENTS—GROUNDS FOR RELIEF AGAINST IN EQUITY.

A court of equity cannot set aside a judgment at law, rendered by a court which had jurisdiction, on the ground that it was not warranted by the pleadings.

Appeal from the Circuit Court of the United States for the Northern District of California.

The appellant filed a bill of complaint in the circuit court, in which it was alleged that on December 30, 1869, one J. H. Allen held the legal title to certain lands situated in the city of Eureka, in the state of California, in trust for the complainant, and that the complainant on said date caused the said trustee to convey the lands to the defendants, the appellees herein, who were the complainant's brothers, as security for money to be advanced thereafter to the complainant, which conveyance was accepted by the defendants as a mortgage; that the defendants advanced and paid to the complainant, under said mortgage, $500, and that they paid taxes on said lands, but not on account of said mortgage, in the sum of $1,200; that they received from said

[1] Rehearing denied October 20, 1899.

lands and as proceeds thereof $2,200; that they applied the same to the payment of said $500, in extinguishment of said mortgage, and the balance to the repayment of said taxes; that on July 27, 1889, the defendants, claiming to own said lands, brought an action in ejectment against the complainant to recover the possession thereof; that the complainant answered said action, and filed a cross bill to redeem from said mortgage, upon which issue was taken by said defendants; that upon the hearing of said cause a decree was rendered against the complainant, the court holding that the cross bill of this complainant in said action was barred by a former judgment set forth in the findings in said proceedings. An exhibit attached to the bill sets forth the record of the former suit so referred to, showing that on March 15, 1887, the complainant had instituted a suit in the superior court of California for the purpose of redeeming said land from said mortgage; that in his complaint he had alleged that he had offered to repay to defendants any sum which might be due on said mortgage, and that he had demanded of them the cancellation of their mortgage, which they had refused; that in defense of said suit to redeem the defendants had alleged that they were the owners in fee of said land, and had also pleaded section 361 of the Code of Civil Procedure of California as a bar to the right of the complainant to redeem; that the superior court found that the deed was a mortgage, and that $500, and no more, had been advanced and loaned thereunder, and that the defendants had received $2,200 from the proceeds of said land, but that the suit was barred by section 361, above referred to; that the court adjudged that the complaint therein stated no cause of action. The bill further alleged that the complainant had appealed from said judgment in said action of ejectment to the supreme court of the state of California, and that on February 23, 1895, said judgment was affirmed by said appellate court. The bill then averred that said judgment was made in excess of the court's jurisdiction, and was procured by fraud, and the suppression of the truth, and that it takes from the complainant his property, in violation of law and of the intention of the parties to said mortgage, and without due process of law, and impairs the complainant's contract, and puts a cloud upon his title; that said courts of the state of California erred in disregarding and violating section 260 of the practice act of the state of California, which provides that "a mortgage of real property shall not be deemed a conveyance whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale"; and that said courts erred in holding that the plaintiff's equities as set forth in his cross bill were barred by the statute of limitations. Then follows an offer to pay the defendants any sum that may be due them upon said mortgage, or connected therewith, and a prayer that the judgment in the action of ejectment be adjudged to give no title to the defendants, and that they be enjoined from claiming any right thereunder. For a further cause of suit the bill alleged the foregoing facts concerning the conveyance of the real estate to the trustee as a mortgage, the loan of $500 thereupon, and alleged a promise upon the part of the defendants to reconvey said property to the complainant upon the payment of said mortgage; alleged that the mortgage had been paid, but that the defendants refused to comply with their promise to reconvey said property, and that they now fraudulently and without right claim to own the same. The bill thereupon prayed for a decree requiring the defendants to specifically perform the agreement. The defendants demurred to the bill upon the grounds that the suit was barred by the prior judgments of the state courts of California set forth in the bill, that the circuit court had no jurisdiction to grant the relief prayed for, and that there was no equity in the bill. The demurrer was sustained, and a decree was entered dismissing the bill, from which decree the appellant brings this appeal.

Jefferson Chandler, S. W. Holladay, and E. B. Holladay, for appellant.

S. M. Buck, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Before discussing the points of law which are involved in the case, it becomes necessary to inquire what was the nature and effect of the judgment in ejectment which is the subject of the present suit. The judgment in the ejectment case was controlled by a former judgment, which had been rendered in a suit which the appellant brought against the appellees to redeem the land from the mortgage. The complaint in the redemption suit contained the essential allegations of a complaint in a suit of that nature. The answer was a denial of the trust, and of the intention to regard the deed as a mortgage, and an assertion of title in the defendants by virtue of the deed. The court found these facts against the defendants. It found that the facts were as they had been alleged by the plaintiff. But the defendants had pleaded, as a further defense, the statute of limitations. Upon that defense the court adjudged that the suit was barred by the provision of section 361 of the Code of Civil Procedure of California. It held that, because the plaintiff had not offered to repay the defendants the money which was intended to be secured by the deed until after the defendants' right to enforce the collection had, by lapse of time, been lost in New York, where all the parties resided, the plaintiff's right of redemption was barred. The language of the judgment was: "That said plaintiff has no cause of action whatever against said defendants by reason of any of the matters and things set out in the amended complaint herein." The grounds of that decision were thereafter fully considered by the supreme court of California, on appeal, in Allen v. Allen, 95 Cal. 184, 30 Pac. 213, in which case the supreme court held that, since the deed and the contract of security were executed in the state of New York, between residents of that state, either party could have maintained an action in that state on the contract,—one to enforce the right to redeem, and the other to recover the amount for which the land was held as security; but that the action in that state to recover the debt had become barred by the laws of that state, and therefore no action to redeem from the security could thereafter be maintained in California. where, by the law in force at the time of the execution of the deed, the legal title had passed to the grantee by the deed, and the right to redeem was barred whenever the debt to secure which the deed was made became barred by the statute of limitations. After the decision in that case the appellant entered into the possession of the land, and the action of ejectment was brought against him by the appellees to recover possession. Their complaint alleged title in the plaintiffs in fee simple. The answer denied their title, and set forth the nature of the deed and its purpose, and alleged that the plaintiffs in said action had received from sales of a portion of the lands and otherwise more than sufficient to satisfy their mortgage and all the taxes which they had paid thereunder. The defendant in said action then filed a cross complaint setting forth the same facts, and praying that he be permitted to redeem from the mortgage. Replying to the cross complaint, the plaintiffs

pleaded in estoppel the former decree in their favor in the suit to redeem. Upon the issues so tendered the court found as facts that the plaintiffs were the owners in fee simple of the land, and entitled to the possession thereof, and found further that the deed was a mortgage to secure $500, but that the plaintiffs had made personal advances to the defendant in addition thereto in the sum of $4,500, and had paid taxes on said lands, which had not been repaid save by the receipt of $2,200, from the sale of a portion of said land; that by the laws of the state of New York the right of the plaintiffs to maintain an action against the defendant for said sum of $500 was barred from and after November 20, 1874. The court further found the facts of the former suit to redeem and the decree rendered thereon. As conclusion of law the court found that the plaintiffs were entitled to judgment against the defendant for the possession of the lands and for costs, and that the cause of action set forth in the cross complaint was barred in equity by the laches of the defendant in not offering to pay the indebtedness due the plaintiffs until the right of the latter to enforce the collection thereof was barred by lapse of time. The judgment was that the plaintiffs recover the land, with costs, and that the defendant had no cause for action against the plaintiffs by reason of the facts set forth in his cross complaint. On appeal that judgment also was affirmed by the supreme court of California in Allen v. Allen, 106 Cal. 137, 39 Pac. 436. In the opinion in that case the court said of its former decision in 95 Cal. 184, 30 Pac. 213:

"By that decision it was held that under the transfer and conveyances to plaintiffs herein they acquired the legal title to the property, leaving in defendants a mere equity of redemption. * * * The judgment upon the former appeal is determinative of the rights of either party to this transaction, and operates as an estoppel. While the plaintiffs cannot foreclose, defendants cannot redeem. Wherever the right to possession of the land may have been before the time for redemption had expired, upon the failure of defendants to redeem within the statutory period the right vested absolutely in plaintiffs, and their title, freed from defendants' equities, became full and complete."

It is sought by the bill in the present suit to enjoin the defendants from availing themselves of the benefit of the judgment rendered in their favor in the action of ejectment. It is not alleged that the judgment is void for want of jurisdiction of parties or of subject-matter. The judgment is not attacked on the ground of any irregularity in the proceedings upon which it was rendered. The demand for relief is based upon the allegation that the judgment contravenes provisions of the federal constitution and the Revised Statutes, and the further allegation that the defendants procured the judgment by fraud. So far as the latter ground for relief is concerned, the rule applicable to such a case is thus expressed in 2 Story, Eq. Jur. § 887:

"In regard to injunctions after a judgment at law it may be stated, as a general principle, that any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or

negligence in himself or his agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment."

See, also, Insurance Co. v. Hodgson, 7 Cranch, 332; Crim v. Handley, 94 U. S. 652; Metcalf v. Williams, 104 U. S. 93; Knox Co. v. Harshman, 133 U. S. 152, 10 Sup. Ct. 257; Marshall v. Holmes, 141 U. S. 590, 12 Sup. Ct. 62.

The charge of fraud in this case consists in the averment that the defendants suppressed their relation to the appellant as trustees, and withheld and concealed the fact that they had received from the land which was deeded to them, or the proceeds thereof, a sum sufficient to cancel the indebtedness to secure which the deed was given. It is not alleged, however, that fraud was successfully practiced upon the court at the trial of the action of ejectment, or was connected therewith, or that fraud was an inducement to or entered into the judgment. The facts concerning the receipt of moneys from the land by the defendants were fully disclosed to the courts. It is true that the judgment in the ejectment case was based upon an adjudication in a prior suit between the same parties, and that in the prior suit the defendants had asserted title to the land by virtue of their conveyance, and had denied that the deed was intended as a mortgage. But notwithstanding their failure to disclose the facts, and notwithstanding their assertion of title under their deed, the court in the first suit found that the deed was intended as security for a debt, and found that money had been received from the lands as it is now alleged in the bill that it had been received. If it be admitted that the defendants, by their claim of title under the deed, intended to defraud the plaintiff, it is nevertheless true that the court was not thereby imposed upon, for, notwithstanding that defense, the court in the first action arrived at the true state of the facts, reached the conclusion that the conveyance was a mortgage, but denied the plaintiff's right to redeem his land from the conveyance solely upon its construction of the law which it deemed applicable to the facts. The court was in possession of all the facts. If there was error in its judgment it was in the conclusion which it reached in applying the law to the facts. The case is wholly lacking in the features which authorize a court of equity to restrain the enforcement of a judgment at law. At no stage of the proceedings in either cause in the state court is it shown that fraud was successfully perpetrated by the defendants, or that the plaintiff was by fraud, or accident, or mistake prevented from availing himself of all the facts upon which his claim of title was predicated.

It is contended that the judgment of the state court in the ejectment case was rendered in violation of section 1977 of the Revised Statutes, which declares that:

"All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

97 F.—34

It was said in Strauder v. West Virginia, 100 U. S. 303, that this section puts in the form of a statute what has been substantially ordained by the fourteenth amendment to the constitution. In Gibson v. Mississippi, 162 U. S. 565, 580, 16 Sup. Ct. 904, it was said that the purpose of the statute was "to enact appropriate ·legislation for the enforcement of the provisions of the fourteenth amendment, which was designed, primarily, to secure to the colored race, thereby invested with the rights, privileges, and responsibilities of citizenship, the enjoyment of all the civil rights that, under the law, are enjoyed by white persons." We are at a loss to discover wherein the statute so quoted can be said to affect the rights of the appellant in the case at bar. There is no suggestion in the bill that the appellant has been denied the full legal benefit of the laws and proceedings for the security of persons and property which is enjoyed by white citizens. There is no averment, nor is there anything in the facts which are pleaded, to indicate that a discrimination has been made against the appellant in the state courts of California on account of his citizenship in another state, or for any reason. It is not alleged that he has been treated otherwise than a citizen of California would have been treated. It may fairly be inferred from the bill that the state courts applied to his case the law of the state as the courts interpreted it, and as they would have applied it to the case of any litigant who presented the same question. To hold that the protection of the statute may be invoked in a case of this kind is practically to rule that any judgment may be set aside upon an original suit in equity, provided it can be shown that prejudicial error or mistake has been made in the construction of any statute upon which depended the substantial rights of the plaintiff; or, in other words, that a suit in equity may be made to perform the office of a writ of error or an appeal.

It is urged, also, that the appellant is entitled to relief by virtue of the constitutional prohibition against the passage of state laws impairing the obligation of contracts. This provision of the constitution has always been held to apply strictly and solely to the enactment and enforcement of laws either by a legislature, or by some municipal corporation, or other body to whom has been delegated legislative power, and that it does not apply to erroneous decision by a court. Railroad Co. v. Rock. 4 Wall. 177; New Orleans Waterworks Co. v. Louisiana Sugar-Refining Co., 125 U. S. 18, 8 Sup. Ct. 741; Hanford v. Davies, 163 U. S. 273, 16 Sup. Ct. 1051. There is no intimation in the facts stated in the bill that the obligation of the appellant's contract has been impaired by the terms of any state law. The state laws are admitted to be constitutional. Complaint is limited to the action of the court which it is alleged has erroneously applied the law to the facts of the case. Against such action by the court, as we have seen, the provision of the constitution so quoted affords no protection.

The appellant makes the further contention that the judgment in the ejectment case was rendered on pleadings which presented no issue, and that, therefore, the judgment is void. It is said that

in the ejectment suit the appellant, who was the defendant therein, alleged in his cross complaint that in 1886 and 1887 he had offered in writing to pay all that was due the defendants as trustees under the deed in controversy, and that this allegation was not denied by the defendants in their answer, and that no issue was taken thereon. To this it may be said that, if it was believed that the court erred in the ejectment suit in rendering judgment in the face of the admission that such written offers had been made, the remedy was to have brought the matter before the appellate court on the appeal from the judgment. This court has not the power now to correct the error, if error there were, in the conclusion of law at which the court arrived in the ejectment suit in ruling that the written offers to pay the mortgage, made many years subsequent to the time when, as the court decided, the right of redemption had expired, operated neither to revive the cause of action on behalf of the mortgagees to recover the money which the mortgagor owed them nor to revive the latter's right of redemption. The fact that such written offers to pay had been made was brought to the attention of the court in the redemption suit also; in fact, the redemption suit was itself an offer to pay. But the court, notwithstanding such offers, held that the right of redemption was barred.

The case presented by the bill comes within none of the recognized grounds upon which courts of equity are permitted to interfere with judgments at law, and restrain their execution. The decree of the circuit court will be affirmed.