H. C. FERRIMAN, Appellant, *vs.* E. N. GILLESPIE, Trustee, *et al.* Appellees.

*Opinion filed June 20, 1911.*

1. RES JUDICATA—*when defense of former adjudication may be raised by demurrer.* Where a bill sets out the substance of the pleadings in a former suit between the parties and the findings therein and prays for a decree contrary to the decree in the former suit, the defense of former adjudication may be raised by demurrer.

2. SAME—*the doctrine extends to matters which might properly have been raised.* Where the question of the existence of homestead rights in land upon which an oil and gas lease is given could have been raised in the former litigation between the parties to cancel such lease, the fact that it was not properly raised in such litigation does not prevent the decree upholding the lease from being *res judicata* of the question of the existence of the homestead rights in a subsquent suit between the parties.

3. SAME—*persons are bound by litigation which is conclusive upon parties with whom they are in privity.* One who takes an oil lease from the owner of land knowing that a prior lease on the same land has been held by the courts to be valid and in force is bound by such adjudication to the same extent as his lessor and cannot litigate the validity of such prior lease with the lessees.

APPEAL from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

JOHN LYNCH, for appellant.

CALLAHAN, JONES & LOWE, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Appellant filed his bill to the September term, 1910, of the circuit court of Crawford county, alleging the former ownership by Sanford C. Bowman of fifty acres of land in said county; that on May 17, 1905, said Bowman and his wife occupied the same as a homestead, the land then

250—24

being worth less than $1000; that on said date Bowman leased said land to one Pierce for five years, or longer if gas or oil was found in paying quantities; that said lease was assigned by Pierce to E. N. Gillespie; that said lease did not contain any waiver of homestead rights by Bowman and was not signed nor acknowledged by his wife; that on March 26, 1910, Bowman and wife executed and delivered to appellant a lease of the said premises for the production of oil and gas, in which lease their homestead rights were waived; that on or about September 1, 1910, the Fulton Oil and Gas Company and Walter Hennig claimed some title in said premises for the purpose of mining for oil and gas, by virtue of two leases executed to one T. N. Rogers and assigned by him, and entered upon said premises and drilled wells for oil and gas and removed and sold the product. A demurrer was filed and on hearing was sustained and the bill dismissed at appellant's costs. From this order and decree an appeal was allowed to this court.

The chief object of the present proceeding, as shown by the prayer of the bill, is to have the Pierce-Gillespie lease set aside so far as it related to the homestead interest of Mr. and Mrs. Bowman; that if the court should find that the premises were worth $1000 or less at the time the lease was made the lease be held void as to the whole of the premises, otherwise that it be declared void as to the portion representing the $1000, and the court appoint commissioners to set aside the homestead, and that appellant, as grantee of the Bowmans' rights, be placed in possession of such portion.

The bill sets out the facts as to the litigation between Gillespie and the Fulton Oil and Gas Company, the details of which, and the conclusions of this court thereon, are found in *Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188; 239 id. 326; 244 id. 9. It sets forth the substance of the

pleadings in these former suits and the findings therein, and prays for a decree inconsistent with the decree in that litigation. It also states the result of that litigation and the holding that the Gillespie lease was valid, and prays that it may be declared null and void. The defense of former adjudication may therefore be raised by demurrer. (*Hofmann* v. *Burris*, 210 Ill. 587; *Davis* v. *Hall*, 4 Jones' Eq. 403; 9 Ency. of Pl. & Pr. 616.) Neither Bowman nor his wife, under the findings in *Gillespie* v. *Fulton Oil and Gas Co. supra,* could raise in other litigation any question as to their homestead rights under the Gillespie lease. While it is true the homestead question here raised was not properly raised in the former litigation, it could have been so raised, as Bowman was a party. The doctrine of *res judicata* extends not only to every matter that was determined in the former suit, but to every other matter that might have been raised and determined. (*South Park Comrs.* v. *Ward & Co.* 248 Ill. 299; *Singer* v. *Hutchinson*, 183 id. 606; *Daniel* v. *Gum*, 45 S. W. Rep. [Tenn.] 468.) The lease was executed by appellant after the former litigation with Bowman as to the Gillespie lease had been heard in this court. Appellant had notice of that fact. This litigation being binding on Bowman is binding on his grantee. He succeeded to the same estate or interest which Bowman had. (*Towle* v. *Quante*, 246 Ill. 568, and cases cited; *City of Chicago* v. *Drexel*, 141 id. 89.) All parties and their privies are bound by a former adjudication. Privies are estopped from litigating that which is conclusive upon him with whom they are in privity.

The decree of the circuit court must be affirmed.

*Decree affirmed.*