HEWITT v. GREAT WESTERN BEET SUGAR CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2610.

1. JUDGMENT ⟜425—VACATING—EQUITABLE RELIEF—NONCONFORMITY TO PLEADINGS.

Plaintiff held a mortgage on the property of a corporation. In a suit to which he was not a party, a receiver of the corporation's property was appointed and issued receiver's certificates. In a suit thereafter brought by plaintiff to foreclose his mortgage, a decree was entered which adjudged such certificates to be a lien on the property prior to all other liens. The decree was affirmed by the Supreme Court of the state on the ground that plaintiff had full opportunity in the foreclosure suit to contest the certificates and have their right to priority litigated, but apparently had not taken any steps to contest them or put their priority in issue. Held, that the judgment in such suit could not be set aside or vacated on the ground that it was outside the issues made by the pleadings, and it was a bar to a subsequent suit to set it aside on that ground, and on the ground that the receiver's certificates were invalid, since it was final and conclusive, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein, and according to the settled rules of procedure the relative rank of all liens on the incumbered property should have been litigated in the foreclosure suit upon issues tendered by plaintiff therein.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 803; Dec. Dig. ⟜425.]

2. JUDGMENT ⟜460—EQUITABLE RELIEF—PLEADING—REFERENCE TO REPORTED CASE.

Where, in a suit to set aside a judgment of a state court, the bill described the suit in the state court and the issues involved, and set forth the date of the judgment and the volume and page of the Reports

wherein it was reported, the court was authorized to refer to the reported decision and read it in connection with the allegations of the bill, for the purpose of determining what was at issue and decided therein, as if a copy thereof had been appended as an exhibit to the bill; the court not thereby taking judicial notice of a proceeding of the state court, but taking notice of that which was brought to its attention by proper pleading.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. ☞460.]

3. JUDGMENT ☞948—PLEADING JUDGMENT AS DEFENSE—AVAILABILITY ON DEMURRER.

The defense of estoppel and res judicata may be presented on a demurrer, where upon the allegations of the bill it clearly appears that such defense exists.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1783; Dec. Dig. ☞918; Pleading, Cent. Dig. §§ 445½, 497.]

4. MORTGAGES ☞529—FORECLOSURE—OBJECTIONS TO SALE—WAIVER.

Where a party to a suit to foreclose a mortgage objected to the confirmation of the sale on certain grounds, he could not set up other objections in a suit for equitable relief from the sale, which were not discovered by him subsequent to the time of making the objections to the confirmation, as he then had the opportunity to present all of his objections, and it was his duty to do so, and he was deemed to have waived any objections which he knew and did not present.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. ☞529.]

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit by Henry Hewitt, Jr., against the Great Western Beet Sugar Company and another. Decree for defendants, and plaintiff appeals. Affirmed.

The appellant, in his bill in the court below, alleged in substance that on January 30, 1907, the Great Western Beet Sugar Company, a corporation of Idaho, owning reservoirs and an irrigation system, mortgaged its property to the appellant to secure notes in the sum of $80,000, and that on the same date the mortgage was duly recorded; that on August 4, 1908, the appellant filed his suit to foreclose said mortgage in the district court for the Fourth judicial district of the state of Idaho, but that before said foreclosure suit was filed the Idaho Fruit & Lands Company, Limited, a corporation, filed an action in said state court against the Great Western Beet Sugar Company and others, to determine the alleged interest of the plaintiff in that suit in and to the irrigation systems of the defendant therein, in which suit a receiver was appointed, and the court on the trial thereof rendered judgment for the defendant therein, which judgment, on appeal to the Supreme Court, was affirmed; that the appellant herein was not made a party to said suit so brought by the Idaho Fruit & Lands Company; nor was he served with notice of process therein, nor did he have knowledge of the pendency thereof; that while said suit was pending the receiver issued receiver's certificates to the amount of $17,675; that by the failure to make the appellant herein a party to the action brought by the Idaho Fruit & Lands Company he, the appellant, was prevented from attacking the validity or priority of said certificates, which certificates, he alleges, were excessive, false, fraudulent, and issued for illegal claims; that in the said foreclosure suit, brought by the appellant, numerous cross-complaints were filed by lienholders and others, and on July 21, 1910, the court decreed that the mortgage be foreclosed, and the appellant have judgment against the Great Western Beet Sugar Company in the sum of $109,275, the lien of the judgment to relate back to January 30, 1907; that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

notwithstanding, that the question of the validity or priority of the receiver's certificates was not made an issue in the pleadings in said foreclosure suit, and was not raised during the trial of that suit, the court of its own motion, wrongfully and in excess of its jurisdiction, made a finding and entered a decree in said cause that the receiver's certificates were a lien prior to all other liens against said property, including the appellant's lien; that the appellant appealed from that decree to the Supreme Court of the state, urging, among other grounds, that the finding and the decree were illegal and void, for the reason that the appellant had not been made a party to the suit in which said certificates were issued, nor served with notice of process therein, and that the appellant had had no opportunity to contest the validity or priority of said certificates, and that the decree so making and declaring said certificates to be a prior lien was void, illegal, and without effect; that on September 26, 1911, said Supreme Court affirmed the decree of the district court by a decision reported in 20 Idaho, 235, 118 Pac. 296, but that said decree is null and void; that, in pursuance of said decree, said District Court having made an order directing the property to be sold, the appellant petitioned the Supreme Court for a writ prohibiting said sale on the grounds presented by him on said appeal, but on December 19, 1911, the writ was denied by said Supreme Court, its decision being reported in Hewitt v. Walters, 21 Idaho, 1, 119 Pac. 705, Ann. Cas. 1913C, 35; that on the sale which was had on January 5, 1912, one L. G. Bradley wrongfully and fraudulently, and without any authority or instruction from the appellant, represented himself to be the agent of the appellant, and fraudulently pretended to have authority from him to bid on his behalf at said sale; that the property was struck off to one Watkins for $56,546.79, the court having fixed that sum as the minimum bid, although the property was worth upwards of $500,000. And the bill alleges that the sale was had in pursuance of an unlawful, fraudulent connivance and conspiracy between the then receiver of the property and said Watkins, who purchased the same; that they stifled competition and kept prospective bidders away from the sale; that the appellant duly objected to the confirmation of said sale upon the identical grounds urged on his appeal to the Supreme Court in the foreclosure suit, and in his petition for a writ of prohibition, and on the further ground that said sale was taking his property without due process of law; that the district court overruled appellant's objections, whereupon the appellant appealed to the Supreme Court of Idaho, and on July 15, 1912, that court, upon a hearing, affirmed the order of the district court, which decision is reported in Re Great Western Beet Sugar Co., 22 Idaho, 328, 125 Pac. 799, 43 L. R. A. (N. S.) 671; that none of the proceeds of said sale was received by the appellant; and the appellant prays for a decree that the judgment foreclosing the said mortgage be declared null and void, that it be set aside, and that a new decree and sale be entered.

Leon W. Behrman, of Portland, Or., and Frank C. Hesse, of Astoria, Or., for appellant.

W. E. Sullivan and L. L. Sullivan, both of Boise, Idaho, for appellees.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellant contends that the decree rendered by the state court of Idaho upon his suit to foreclose his mortgage is void, for the reason that the trial court went outside the issues in the case and determined that the receiver's certificates constituted a lien prior to that of the appellant. It does not appear in the present bill, which is brought to set aside the decree of the state court and the proceedings had thereunder, that the certificate holders were not made parties to the suit in the state court. They were proper parties, and we may

assume that they were parties from the fact that the state court decreed them a first lien on the mortgaged property. Taking the allegation of the bill in the case which is now before us to be true, that those certificates had been made a first lien in a prior suit to which the appellant herein was not a party, and of which he had no notice, it would follow that his rights were not concluded thereby, and that he still had the right thereafter to contest that question. He had full opportunity to do so in his foreclosure suit. Instead of doing so, he seems to have proceeded upon the theory that those certificates were absolutely void and might be ignored. But they were not void. If the lien thereof was not prior to the appellant's mortgage, it was at least second thereto. From the decree of the state court, wherein the certificates were adjudged to constitute a first lien, the appellant took his appeal to the Supreme Court, and there, according to the allegations of the bill herein, he presented to that court all the objections to the validity of the decree appealed from which are now presented to this court. In deciding the case on appeal (Hewitt v. Great Western &c. Sugar Co., 20 Idaho, 235, 118 Pac. 296) the court said of the action of the court below:

"That the court had power and authority to appoint a receiver of the property of the Great Western Beet Sugar Company, and for its care, preservation, and protection, when proper facts authorizing the same were presented to the court, there can be no question, and such appointment is not contested in this case. * * * The appellant, however, claims that the priority given to the certificates issued by the receiver should not have been allowed in this case, as a prior lien against the mortgaged property, and that appellant had had no opportunity to contest such allowance. Whether the appellant was a party to the suit in which such receiver was appointed does not clearly appear from the finding, but there can be no question but that in the present suit the appellant had full opportunity, if he saw fit, to contest such receiver's certificates, and have litigated and determined by the trial court in the present suit the question as to whether such certificates should have been allowed. And there is nothing in the record to show that the appellant, at any time during the trial, made any contest or presented any matter to the trial court, or gave any reason why the court should not allow such certificates and make them a prior lien upon the mortgaged property. Certainly, when the question came before the trial court in the present case the appellant had his day in court, and could have contested these certificates and their priority, and fully litigated and offered such proof as he had, and given such reasons as existed in the law why the court should not allow the same; but the record does not disclose that the appellant took any steps to contest these liens or in any way put in issue their priority."

The judgment in that case is a bar to the present suit, and it cannot be set aside or vacated on the allegations contained in the bill. In Black on Judgments, § 367, it is said:

"Nor can a court of equity set aside a judgment, rendered by a court which had jurisdiction, on the ground that it was not warranted by the pleadings."

The same is said in 23 Cyc. 1004, citing Allen v. Allen, 97 Fed. 525, 38 C. C. A. 336, Preston v. Kindrick, 94 Va. 760, 27 S. E. 588, 64 Am. St. Rep. 777, and other cases.

The question of the relative rank of all liens on the incumbered property not only might have been litigated, but, according to the settled rules of procedure, should have been litigated, in the foreclosure

suit upon issues tendered by the plaintiff therein. The judgment which was rendered in the state court was a judgment of a court of competent jurisdiction. The question of the lien of the receiver's certificates properly belonged to the subject-matter of the controversy. The judgment was delivered upon the merits of the cause, and it is final and conclusive in any subsequent action upon the same cause of action and between the same parties and those in privity with them, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein. 24 Am. & Eng. Enc. of Law, 781; 23 Cyc. 1295; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Nesbit v. Riverside Independent District, 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562.

[2] The appellant contends that the question whether his bill presents ground for equitable relief must be determined from the facts alleged in the body of the bill, and that recourse may not be had to the proceedings in the state courts of Idaho to determine what was at issue and what was decided therein. But it seems too clear to require discussion that when the appellant comes into a federal court of equity seeking to set aside a judgment of a state court, and in his bill he describes the suit in the state court, the parties thereto, and the issues involved, and sets forth the date of the judgment and the volume and page of the Reports wherein it is reported, he authorizes the court to advert to the reported decision and to read the same in connection with the allegations of his bill, with the same effect as if a copy thereof had been appended as an exhibit to his bill. The court in doing so does not, as suggested by the appellant, take judicial notice of a proceeding of a state court, but takes notice of that which is brought to its attention by proper pleading.

[3] The appellant contends that the defense of estoppel and res adjudicata is not available to the appellee herein for the reason that that defense has not been pleaded. But where upon the allegations of the bill it clearly appears that that defense exists, it has always been held that it might be presented on a demurrer to the complaint. 23 Cyc. 1525; Davis v. Hall, 57 N. C. 403; Keen v. Brown, 46 Fla. 489, 35 South. 401; Williams v. Cheatham, 99 Ga. 301, 25 S. E. 698; Ferriman v. Gillespie, 250 Ill. 369, 95 N. E. 495; Van Etten v. Leavitt, 90 Neb. 461, 133 N. W. 649; Shook v. Shook (Tex. Civ. App.) 145 S. W. 699.

The appellant presents as ground for setting aside the judgment of the state court that the receiver's certificates issued by the first receiver were false and fraudulent, and padded, and issued for illegal claims, and as the result of an illegal conspiracy, and that the debts represented thereby were incurred by reckless and indifferent management on the part of the receiver. All these grounds for attacking the receiver's certificates were available to the appellant in his foreclosure suit, and should have been therein presented. There is no allegation that the appellant was not then fully aware of the alleged infirmities of the certificates. He then had his day in court, and the present attack on that ground comes too late.

[4] The appellant alleges as further ground of equitable relief that the purchaser on the foreclosure sale conspired with the receiver of the property to deprive appellant of his right to bid in the property for the amount of the receiver's certificates and the liens prior to his mortgage, that they stifled competition, and that the minimum bid was excessively low, and wholly disproportionate to the true value. We may pass the question whether those facts as pleaded constitute any ground for equitable relief. The appellant presented a portion of these objections to the state district court, and to the Supreme Court of Idaho, and they were considered and adjudicated by those courts. He had then the opportunity to present all of said objections. He does not allege that he had not discovered the conspiracy at the time of making his objections to the confirmation of sale. It was his duty to present all other grounds of objection of which he had knowledge, and he is deemed to have waived any which he knew and did not present. 24 Cyc. 36, and cases there cited.

We find no error. The decree is affirmed.