## MUHLENBURG COUNTY v. CITIZENS' NAT. BANK.

### (Circuit Court, D. Kentucky. November 17, 1894.)

### No. 6,360.

1. PRACTICE—SUBSTITUTED SERVICE—ON WHAT BILLS ALLOWED.
   A motion for substituted service of the subpoena to answer a bill in equity should not be granted, unless on the face of the bill there be some legal or equitable merit.

2. SAME.
   The C. Bank, an Indiana corporation, in 1889, recovered a judgment in the United States circuit court in Kentucky against M. county, upon certain coupons of county bonds. This judgment was paid, under mandamus proceedings, in 1893. After such payment, the county filed a bill in equity against the bank, alleging that the coupons were not owned in good faith by it, but belonged to a citizen of Kentucky, and that the court was without jurisdiction of the action, and praying that the judgment be set aside, and the money paid thereon refunded. There was no allegation of any meritorious defense to the action. Upon this bill the county asked the court to direct substituted service on the bank. *Held* that, as the objection to jurisdiction had not been raised during the pendency of the action at law, and the relief was sought, not to remedy any injustice, but to supply the neglect of the defendant in the action at law to raise the objection to jurisdiction, the bill did not state such a meritorious cause of action as would justify an order for substituted service.

This was a bill in equity by Muhlenburg county against the Citizens' National Bank of Evansville, Ind., to set aside a judgment at law. The complainant moves for an order directing substituted service of the subpoena.

Jonson & Wickleffe, Wm. H. Yost, Jr., D. W. Sanders, and Wm. B. Thomas, for complainant.

Humphrey & Davie, for defendant.

BARR, District Judge.    This case comes to me on complainant's motion to file an amended bill, and on motion to direct a subpoena issued on the bill as amended against the Citizens' National Bank of Evansville, Ind., be executed on E. H. Brown and D. M. Rodman, who, it alleges, were the attorneys of said bank in obtaining and collecting the common-law judgment which is sought to be set aside in the bill.    It is alleged in the bill as amended that on July 2, 1887, the Citizens' National Bank of Evansville brought suit against the complainant, the county of Muhlenburg, in this court, on certain matured coupons on the bonds of said county, and that a common-law judgment was rendered September 10, 1889, thereon for the sum of $4,689.32 and costs; that execution was issued on said judgment, and was returned by the marshal of this district, "No property found," and subsequently mandamus proceedings were taken, and said judgment collected, together with a large amount of costs.    It appears that these proceedings were commenced in September, 1889, and a tax levied by the county judge of said county, and the judgment was finally collected under the mandamus proceedings, together with the costs, which costs were paid June 30, 1893.    It is alleged that said national bank was never the real and bona fide owner of said coupons, but they were owned by one Charles L. Morehead, who was then, and still is, a citizen of the state of Kentucky, and that bank loaned the use of its name for the institution of said suit and its prosecution for the purpose of obtaining jurisdiction of this court, and that said bank had not at the institution of the suit or any subsequent period any bona fide interest in said coupons.    This is alleged to be a fraud upon the court and the legal rights of said county, and that the officers of said county had no knowledge or information during the pendency of said suit before judgment or during the pendency of the mandamus proceedings, after the judgment, and before its payment, that said bank was not the real and bona fide owner of said coupons or judgment.    It is also alleged that, as soon as the county found out the said bank was not the real and bona fide owner of said coupons and judgment, the county instituted this suit, and that the Citizens' National Bank of Evansville was organized and is doing business in the state of Indiana.    It alleged in amended bill—which should be filed, and is considered as filed in disposing of the motion for substituted service—that E. H. Brown and D. M. Rodman were the attorneys of record in said common-law suit and in the collection of said judgment.    There is no allegation or suggestion that the county was not justly indebted in the amount of the unpaid coupons, or that, if Morehead was the true owner thereof, there would have been or is any valid defense upon the part of the county; nor is there any allegation that there was an issue made as to the ownership of the coupons, or that the judgment was obtained through false testimony. The bill, stripped of redundancy and epithets, simply seeks the setting aside of the common-law judgment which was taken by default on the 10th September, 1889, and the repayment of the amount of said judgment, together with the costs, because the plaintiff in that suit was not the true and bona fide owner of the coupons sued

on, and a citizen and resident of the state of Kentucky was the owner.

If all of the allegations be taken as true, the bill does nothing more than seek to have the present judgment set aside, and defendant be allowed to raise an issue as to the ownership of the coupons, with a view to deprive this court of jurisdiction. This is not sought because any injustice has been done the complainant in obtaining the judgment, or because, if this judgment be set aside, another judgment of a like import should not be entered by another court, but because the defendant in the common-law suit has neglected its suit, and has not made the issue of ownership of the coupons by a plea to the jurisdiction, and produced testimony on the issue thus made to sustain it. If this kind of practice was tolerated, there would never be an end of litigation. This bill is not before me on demurrer, but it should be considered on the motion to allow substituted service on it, so as to bring the Evansville National Bank before this court. On such a motion the court should not allow a party to be brought before it on substituted service, unless on the face of the bill there be some legal or equitable merit. Prior to the act of 1875, if the diverse citizenship of the plaintiff and defendant was properly alleged by the plaintiff, the jurisdictional question could only be raised by plea in abatement, and, if there was no such plea, the question could not be raised at all. Congress, by the fifth section of the act of 1875, gives the court authority to dismiss the suit at any time during its pendency, if it appeared the requisite diverse citizenship did not exist, or that the title in the plaintiff was only colorable, to give the court jurisdiction. Broad as the language of this section is, it does not extend beyond the pendency of the suit, or after judgment; hence does not aid the purpose of this bill. This view makes it unnecessary to consider whether substituted service of the subpoena against the Citizens' National Bank of Evansville should be had by its execution upon Messrs. Brown & Rodman, who presumably ceased to be the attorneys of said bank when the judgment was collected and paid over. The motion to file amendment to bill will be sustained, but the motion to direct subpoena to be executed on Brown & Rodman will be overruled.