## ARAPIAN et al. v. RICE et al.

(Circuit Court of Appeals, Fifth Circuit.  February 20, 1924.)

No. 4226.

**1. Mortgages ⬥⇒554—Deed construed with foreclosure proceedings.**

A deed made under a decree of sale is to be construed with the foreclosure proceedings of which it forms a part.

**2. Judicial sales ⬥⇒61—Description of property must be reasonably certain.**

In proceedings for judicial sale, by which title is to be involuntarily divested, there must be certainty as to what is to be sold, so that the property may bring its full value, and that disputes may be avoided, and, if reasonable certainty is lacking, the sale is void, but the rules as to sufficiency of description are the same whether the deed be made by a party in his own right or by an officer of the court.

**3. Judicial sales ⬥⇒53—Every reasonable intendment made in favor of validity of proceedings. ·**

Courts will not scrutinize the proceedings on a judicial sale with a view to defeat the same, but every reasonable intendment will be made in their favor, so as to secure, if it can be done consistently with legal rules, the object they were intended to accomplish.

**4. Judicial sales ⬥⇒61—Deed may incorporate description in another instrument by reference.**

A deed made under an order or decree of sale may refer to another record for the purpose of describing the tract of land to which it relates, or of showing what parts, if any, are to be omitted.

**5. Mortgages ⬥⇒447, 554—Description in foreclosure petition and deed held to include land mortgaged.**

Where petition for mortgage foreclosure, and deed described the land as the "N. W. ¼ and the S. E. ¼ of the N. W. ¼" of a designated section, but purported to quote the mortgage which covered the N. E. ¼ instead of the S. E. ¼ title to the mortgaged premises passed, since the court was selling such premises and could sell nothing more, especially as Rev. Gen. St. Fla. 1920, § 3117, requires that a mortgage or copy be annexed to the petition, and the petition alleged that the mortgage was annexed.

**6. Mortgages ⬥⇒447—Failure to have mortgage annexed to petition on foreclosure as required by Florida statute held not to avoid sale.**

Under Rev. Gen. St. Fla. 1920, § 3117, requiring that a mortgage or copy be annexed to petition on foreclosure, the failure to have mortgage annexed, though an irregularity, would not make the sale void, and the fact that a certified copy introduced in evidence in a subsequent suit did not show mortgage to be then annexed was insufficient to show that it never was annexed.

**7. Mortgages ⬥⇒447—Recital in petition on foreclosure held to incorporate description in mortgage.**

A petition on foreclosure reciting the date of the mortgage and the date, book, and page of its registration in the county records, which were accessible to every bidder at the sale, was of itself sufficient to make the description in the mortgage a part of that in the petition.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by A. G. Arapian and others against William A. Rice and others, to quiet title.  Decree for defendants (291 Fed. 100), and plaintiffs appeal.  Affirmed.

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Clifford L. Anderson, of Atlanta, Ga. (Burdine & Barco, of Miami, Fla., and Anderson, Rountree & Crenshaw, of Atlanta, Ga., on the brief), for appellants.

C. D. Bowen, Ben C. Willard, Floyd L. Knight, and Frank B. Shutts, all of Miami, Fla., for appellees.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge. This is a bill to quiet title to the N. E. ¼ of the N. W. ¼ of Sec. 16 of a township in Dade county, Fla., brought by the heirs at law of Edward J. Arapian. The defendants hold under a foreclosure in 1908 of a mortgage given by Arapian in 1893 to the receiver of the Bank of Key West, and the case turns on the question whether the foreclosure proceedings embraced and sold this land. The description in the mortgage is in these words:

"N. W. ¼ and N. E. ¼ of N. W. ¼ and N. W. ¼ and N. E. ¼ of N. E. ¼ of section 16 (being the north half of the N. W. and N. E. quarters of said section 16), to township 54 south, of range 41 east, containing 160 acres."

The petition for foreclosure states:

"That the lands conveyed by said mortgage deed are situated, lying and being in Dade county, Florida, and more particularly described in the said deed as follows: The N. W. ¼ and the S. E. ¼ of the N. W. ¼ and the N. W. ¼ and the N. E. ¼ of the N. E. ¼ of section 16, being the north half of the N. W. and N. E. quarters of section 16, township 54 south, of range 41 east, containing 160 acres."

The decree orders that "said mortgaged premises be sold, said premises being described in the bill of complaint," and forecloses "the equity of redemption in and to said mortgaged premises or any part thereof." The report and confirmation of sale refer to the decree, and to "said premises." The deed follows the description in the petition.

[1-4] The deed is to be construed with the foreclosure proceedings of which it forms a part. It is, of course, important in proceedings for judicial sales by which title is to be involuntarily divested that there be certainty as to what is to be sold, to the end that the property may bring its full value, and that disputes may be avoided, and if reasonable certainty is lacking the sale is void. 16 R. C. L. § 18.

"In regard, however, to the description of the property conveyed the rules are the same, whether the deed be made by a party in his own right, or by an officer of the court. The policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them. On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistently with legal rules, the object they were intended to accomplish." White v. Luning, 93 U. S. 514, 523 (23 L. Ed. 938); Cox v. Hart, 145 U. S. 376, 12 Sup. Ct. 962, 36 L. Ed. 741.

A reference to other records is permissible to describe what is to be sold.

"Such references are not unusual in voluntary conveyances, and deeds which but for them would be meaningless are sustained, the description referred to being treated as if copied in the deed. So the deed made in pursuance of an order or decree of sale may refer to another record for the purpose of either describing the tract of land to which it relates, or of showing what parts, if any, are to be omitted." 16 R. C. L. § 96.

[5-7] Returning to the description of the petition for foreclosure, it asserts the land to have an acreage of 160 acres, giving two definite descriptions as equivalents. One description is the N. ½ of the N. W. ¼ plus the N. ½ of the N. E. ¼ of the section, making 160 acres. The other description most reasonably read is the N. E. ¼ and S. E. ¼ of the N. E. ¼ plus the N. W. ¼ and the N. E. ¼ of the N. E. ¼, making 160 acres. But the two are repugnant, since the S. E. ¼ of the N. W. ¼ cannot be in the N. ½ thereof, and necessary doubt arises whether the N. E. ¼ or the S. E. ¼ of the N. W. ¼ is involved. But the doubt is readily resolved. It is the mortgaged premises, and every part of them, that are decreed to be sold and foreclosed. The court is selling these, and could sell nothing more. The petition itself purports to quote the mortgage deed. A reference to it is natural and legal to aid in ascertaining what premises were mortgaged, and the reference is easy, for the Florida law (General Statutes, § 3117) requires that the mortgage or a copy be annexed, and the petition alleges that the mortgage is annexed, and the decree finds that "the allegations in said bill are true as therein stated." The fact that a certified copy introduced in evidence does not show the mortgage to be now annexed is hardly sufficient to show that it never was. A failure to have annexed it would be an irregularity, but would not void the sale. Moreover, the petition recites the date of the mortgage, and the date and book and page of its registration in the county records, which were accessible to every bidder at the sale. This reference was itself sufficient to make the description in the mortgage a part of that in the petition. Noonan v. Lee, 2 Black, 499, 17 L. Ed. 278. This, the original and controlling description of the mortgaged premises, is certain and consistent with itself, and shows the N. E. ¼ and not the S. E. ¼ to be included. Arapian did not object to the sale or its confirmation for any uncertainty in the proceedings, but ceased thereafter to pay taxes on all of the land, and acquiesced until his death in 1921 in the control of it by the appellees. The purchaser at the sale conveyed to the appellee Rice, under whom the other appellees hold, "the north half of the north half of section 16," which embraces the land in dispute. We think, as the parties to the sale evidently thought, that title passed to the land in dispute.

The judgment is affirmed.