LAURA C. ROSENSTONE, A MARRIED WOMAN, WHO IS A FREE DEALER, COMPLAINANT BELOW, *Appellant*, v. FANNIE L. JOHNSTON AND WILBUR F. JOHNSTON, HER HUSBAND, AND A. H. WILDER, AS SHERIFF OF POLK COUNTY, FLORIDA, DEFENDANTS BELOW, *Appellees*.

Division B.

Opinion Filed February 19, 1927.

Petition for Rehearing denied March 12, 1927.

1. It appears from the record that action was brought against the defendant who was a married woman, whose disabilities

of coverture had been removed by order of Court making her a free dealer, as if she were unmarried and that the statutes in this respect were complied with.

2. If the action had been brought against her as a married woman then it would have been needful for the petition to have alleged that the disabilities of coverture had been removed in the manner provided by law, but as she was not sued as a married woman, but was sued "as if she were unmarried," the necessity of alleging the removal of the disabilities of coverture was obviated.

3. Where the record shows that the judgment was that of a court of competent jurisdiction; that the court had acquired jurisdiction of the parties and of the subject matter, no fraud is charged and the complainant had opportunity to defend the action, equity will not intervene to enjoin.

4. The judgment appears valid on its face and if it was erroneous, or was based upon an insufficient foundation, either in pleading or proof, such question should have been presented in the lower court and, if necessary, should have been determined on writ of error.

An Appeal from the Circuit Court for Polk County; H. C. Petteway, Judge.

Affirmed.

*Geo. P. Garrett,* for Appellant;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellees.

BUFORD, J.—In this case bill of complaint was filed in circuit court of Polk County seeking a decree to declare a certain judgment void and to acquire full relief from the operation of the judgment. Demurrer was filed to the bill and sustained, from which order this appeal was taken.

The judgment was the result of an Unlawful Detainer Action.

It is contended that the judgment is void because the appellant, Laura C. Rosenstone, was a married woman and it was not alleged in the complaint filed against her that she had acquired the status of a free dealer. It is also contended before this Court that the judgment is void upon the further ground that the action for Unlawful Detainer was not available as a menas of relief under the conditions existing between the parties at the time the action was brought and the judgment obtained, though this contention is not specifically made in the bill of complaint.

The appellant has cited the cases of Crawford v. Feder, 34 Fla. 297, 16 Sou. 287; Benedict Pine-apple Co. v. A. C. L. R. R. Co., 55 Fla. 514, 46 Sou. 732; Bank v. Hirsch-Kowitz, 46 Fla. 588, 35 Sou. 22; ———— v. Tweddle, 35 Fla. 107, 17 Sou. 66; Rice v. Cummings, 51 Fla. 535, 40 Sou. 889 and Crawford v. Tiedman, 35 Fla. 27, 16 Sou. 900, in support of the contention that the judgment is void.

Reference to the cases cited will disclose that the record showed in each case that the married woman was sued as a married woman, or was sued without reference being made to coverture when, in fact, she was a married woman and had not been adjudicated a free dealer. In the instant case the action of Unlawful Detainer was brought against the appellant without any reference, appearing in the petition, to coverture and after judgment a motion was made to vacate the judgment upon the ground that she was a married woman. The affidavit in support of the motion alleged that she was a married woman and that prior to the commencement of the action against her she had been adjudicated a free dealer by a court of competent jurisdiction pursuant to the statutes in such cases made and provided. It, therefore, appeared that the action had been brought against her ''as if she were unmarried'' and that

in this respect the provisions of the statutes in such cases had been complied with.

If the action had been brought against her as a married woman then it would have been needful for the petition to have alleged that the disabilities of coverture had been removed in the manner provided by law, but as she was not sued as a married woman, but was sued "as if she were unmarried" the necessity of alleging the removal of the disabilities of coverture was obviated.

The other ground upon which it is contended here that the judgment is void attempts to present questions which can not be presented in this manner. Where the record shows that the judgment was that of a court of competent jurisdiction; that the court had acquired jurisdiction of the parties and of the subject matter, no fraud is charged and the complainant had opportunity to defend the action, equity will not intervene to enjoin. Muhlenbury Co. v. Citizens National Bank, 65 Fed. 537; Hewett v. Great Western Beet Sugar Co., 230 Fed. 394; Allen v. Allen, 97 Fed. 525; Meyer v. Calera Land Co., 133 Ala. 554, 31 Sou. 938; Maxwell v. Stewart, 22 U. S. L. Ed. 564; Peacock v. Feaster, 52 Fla. 565, — So. —; Fla. Chancery Jurisprudence (by Armstrong and Donahue) p. 501.

The judgment appears valid on its face and if it was erroneous, or was based upon an insufficient foundation, either in pleading or proof, such question should have been presented in the lower court and, if necessary, should have been determined on writ of error.

The Order sustaining the demurrer is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.