G. P. GARRETT, *Appellant*, vs. DR. P. PHILLIPS, *Appellee*.

En Banc.

Opinion filed May 1, 1931.

Petition for rehearing denied May 26, 1931.

*G. P. Garrett* and *G. Wayne Gray,* for Appellant;

*Akerman & Akerman* and *Claude L. Gray,* for Appellee.

BUFORD, C.J.—The appellant filed his bill of complaint to enjoin the prosecution of a common law action then being prosecuted against him by the appellee, which action was for money alleged to be due the plaintiff in the law action for the use of property leased by the plaintiff to the defendant in that action.

Application was made for temporary injunction which was denied. Thereafter, demurrer to the bill of complaint was sustained. From the orders denying temporary injunction and sustaining demurrer appeal was taken.

It appears from the record before us that the law court was entirely competent to adjudicate the rights between the parties upon proper pleadings and issues being presented in that cause.

As has been said by this Court, "It is an universal rule that equity will not enjoin legal proceedings where the law court is competent to adjudicate upon proper pleas in the legal action the matters presented to the court of equity as a ground for injunction." Cohen vs. L'Engle, et al., 29 Fla. 579, 11 Sou. 47; Peacock et al. vs. Feaster, et al., 52 Fla. 565, 42 Sou. 889; Byrne vs. Brown, 40 Fla. 109, 23 Sou. 877.

It appears that the orders of the chancellor were without error and should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS AND BROWN, J.J., concur.

TERRELL AND DAVIS, J.J., dissent.

DAVIS, J. (dissenting):

Sections 4301-4303 C.G.L., 2635-2637 R.G.S. permit equitable pleas to be filed in law cases. But such pleas are permitted to be filed only in those law cases in which, if judgment were obtained, he would be entitled to relief

against such judgment on equitable grounds. Section 4303 permits the Court to strike any equitable plea which cannot be dealt with by a court at law so as to do justice between the parties.

In this case a suit at law was instituted and the defendant filed certain equitable pleas by way of defense. These equitable pleas, so the bill alleges were demurred to and made subject to motions to strike. The Court struck the pleas. Whether the pleas were stricken because the court believed that the subject of the equitable pleas was such as could not be dealt with properly in a court of law, does not appear. The fact is definitely alleged that the equitable pleas were eliminated in the law proceeding which at the time the equity suit here was filed, had not proceeded to final judgment against the defendant.

It is true that in the cases cited in the majority opinion, Cohen vs. L'Engle, 29 Fla. 579 and two others, this Court laid down the rule that equity will not enjoin legal proceedings where the law court is competent to adjudicate upon proper pleas in the legal action the matters presented to the court of equity as a ground for injunction.

What was meant in those cases, as a reference to them will show, is that equity will not enjoin legal proceedings where the law court proceeding to consider the cases according to the rules of common law procedure is competent upon proper pleas which may be interposed as law pleas (not equitable pleas authorized only by statute in law cases) to adjudicate upon such law pleas in the legal action the matters presented to the court of equity as a ground for injunction.

It seems to me clear that the mere right given by statute to file an equitable plea in a law action, does not deprive a court of equity of any of its powers to proceed

in equity to enjoin the law proceedings on grounds which might have been asserted by an equitable plea. The statute expressly contemplates that equitable pleas may be rejected solely on the ground that they can better be set up in an equity proceeding as ground of equity relief rather than in a law case as ground of defense to such law case on equitable grounds. Therefore it seems to me that we are unduly extending the rule in Cohen vs. L'Engle, 11 So. 47 when we hold that because a defendant can interpose an equitable plea in a law proceeding that equity will not, in a proper equity suit, grant an injunction against such law proceeding merely because an equitable defense can be put in, by filing an equitable plea in the law action.

The case would be different if the case at law was one in which the equitable pleas had been allowed and the case was at issue on such pleas. But where equitable pleas are denied, either on demurrer or motion to strike, I think the defendant who may have an equitable defense has then the right to file a separate equity suit to enjoin the proceeding at law until his equity claims can be adjudicated.

For the foregoing reasons I respectfully dissent.

TERRELL, J., concurs.