**JEFFERY LUMBER COMPANY, INC., a Florida corporation, v. HON. D. C. COLEMAN, as Sheriff of Dade County, Florida, and FRIEDA E. HILL, a single woman.**

6 So. (2nd) 821 Division A
March 13, 1942 Rehearing Denied March 28, 1942

R. K. Bell, for appellant.

J. Tillman Pearson, for appellee.

ADAMS, J.:

This is an appeal from a final decree denying an injunction.

The pertinent facts to the question before us are: Jeffery Lumber Company, Inc., a corporation, was dissolved by executive decree for failure to pay its capital stock tax. The corporate business was continued by its directors as trustees. Subsequently the tax was paid and the corporation was reinstated. During the period of suspension the trustees were sued, personal service was had on the trustees and a judgment was recovered against them based on a tort committed during the period of suspension. The corporation now seeks by bill in equity to have the execution on the judgment enjoined as to the corporate property upon the theory that the corporation was not liable for a tort committed during the suspension period.

As we view the case it is not a question of liability or not under the stated facts but rather whether a court of equity will now assume jurisdiction and redetermine such liability.

The law is settled that in the absence of fraud equity will not enjoin the enforcement of a judgment of law where the law court had jurisdiction of the parties and

subject matter. Budd v. Long, 13 Fla. 309; Rosenstone v. Johnston, et al., 93 Fla. 319, 111 So. 630. In this case there was no charge of fraud.

There is no claim that the law court had no jurisdiction of the tort. The statutory method of acquiring jurisdiction of the corporation was by service on the trustees. Chapter 10096, Acts of 1925. Hence we observe the law court had jurisdiction of the parties and subject matter. Plaintiff's contention when reduced to simple language is a request that equity relitigate the question of its liability. The corporation had its day in court. The judgment there rendered was final subject to review as provided by law.

The decree is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.