PARKS, Associate Justice.
Petition for certiorari to review two certain orders of the respective dates of March 10 and March 30, 1953 which the Chancellor made in the cause.
The order of the date of March 10 assessed against Alicia B. Carvell, the defendant, the sum of $1,037 representing an allowance for attorney’s fees and 'traveling expenses for plaintiff’s attorney to New York City and return. The order found that these expenses were necessitated by the action of counsel for defendant in directing defendant’s witness, Benn, whose deposition was being taken under Rule 30 of the Common Law Rules, 30 F.S.A., in New York City, not to answer certain questions propounded to him by plaintiff’s counsel in cross-examination and which the Chancellor upon a hearing determined should have been answered.
The order of March 30 denied Carvell’s motion, filed June 25, 1952, to dissolve a *241 temporary restraining order enjoining her and other defendants from transferring, endorsing- collecting, disposing of or instituting any action upon a certain promissory note purported to have been executed by Viglianco to one Benn and by him endorsed without recourse to defendant Carvell. We summarize a chronological -statement of material events in the controversy leading to the issuance of the orders.
The record discloses that Alicia B. Car-vell, as endorsee before maturity and holder in due course, filed suit at law in the Circuit Court of Dade County to collect a promissory note in the sum of $13,600 against Andy Viglianco, the maker. It appears that the note was dated May 26, 1952, due 10 days after date and paj^able to the order of one James T. Benn, who endorsed it without recourse to the plaintiff. The suit was brought June 6, 1952, the day after the maturity date of the note.
Viglianco> on June 9 following, filed his bill of complaint on the equity side of the Court against Alicia B. Carvell, James T. Bonn and the First National Bank of Miami alleging that on May 26, 1952 he executed the note in the sum of $30 to one Hyman .Lake payable 10 days after date; that it was delivered to defendant Benn for transmittal to Lake; that Benn altered the note by changing the amount from $30 to $13,600 and by substituting his.own name as payee; that the $30 consideration of the note was later paid in cash to Lake; that Benn endorsed the note without recourse to Carvell who knew of the alterations and who placed it for collection with the First National Bank of Miami. The bill prayed for injunction against defendants restraining them from transferring, endorsing or instituting action upon the note and upon final hearing that the injunction be made permanent and the note be cancelled. A photostatic copy of the note (as altered) is attached to the bill. Upon the filing of the bill temporary injunction, as prayed fon was granted. On June 25 following, motion to dissolve this injunction was filed by Carvell alleging the filing and pendency of the common-law action on the note and praying that the Court dissolve the temporary restraining order or in the alternative that plaintiff be required to post bond in an amount sufficient to protect the defendant as required by statute. This motion was finally disposed of March 27, 1953 by order of the Court which merely recited that no useful purpose would be served by having plaintiff post bond but did order that defendant pay to the plaintiff, Carvell, the sum of $25 for costs incurred in that action. The order did not dissolve the injunction. Pending the disposition of this motion the order of March 10 for attorney’s fees and costs was made.
For the reasons given below we think it unnecessary for this Court to pass upon the validity of the order of March 10 assessing the sum of $1,037 for reasonable attorney’s fees and travel expenses incident to the services and expenses of Viglianco’s counsel in attempting to further question the witness, Benn, and, therefore, express no opinion -concerning the propriety of the proceedings resulting in such order, nor whether it was authorized by the Rules.
It must be noted that the equity suit enjoining the institution of suit on the note, its transfer or endorsement was not filed until after the maturity of the note and after Carvell’s common-law action to collect it had been filed on the law side of the Court. Inasmuch as the bill of complaint alleged as the sole ground for relief that the note had been altered in respect to the amount and name of the payee, a defense upon that ground was available to Viglianco in the common-law case. He could have had complete and adequate relief there by interposing such defense. This Court has been long committed to the doctrine that equity will not take jurisdiction of a cause where a common-law action on the same subject matter has already been filed and all matters relied on for relief in the bill may be presented as a defense in that action. Cohen v. L’Engle, 29 Fla. 579, 11 So. 47; Peacock v. Feaster, 52 Fla. 565, 42 So. 889; Byrne v. Brown, 40 Fla. 109, 23 So. 877; Garrett v. Phillips, 101 Fla. 426, 134 So. 231.
In these circumstances we are of the opinion that the Chancery Court improvi- *242 déntly made the orders in the cause of which this Court must take judicial cognizance even though not specifically raised by the pleadings in the case. The motion to dissolve the injunction which recited the pendency of the common-law action should have been granted and the bill dismissed. Certiorari is granted. Petition to quash both orders granted and the cause remanded with directions to dismiss the bill of complaint.
ROBERTS, C. J., and MATHEWS and DREW, JJ., concur.