PER CURIAM.
Appellants obtained a judgment against the appellee, Mary L. B. Lane, for $500 on September 20, 1956, in the civil court of record. On June 20, 1957, an order was entered by the circuit court enjoining execution thereon. Appellants moved to dissolve the injunction, and their appeal is directed to an order of the circuit court denying the motion to dissolve.
A reference to the factual background revealed by the record appears necessary. The parties entered into a transaction for the sale of a parcel of real estate in 1953. Appellants Webb and wife were the sellers, appellee Lane was the broker and appellee Gregory was the purchaser. We will refer to them in those categories. The broker and the purchaser signed a contract or “deposit receipt” in connection with which the purchaser deposited $1,000 with the broker. The sellers did not approve the terms included therein, and made a counter offer. The purchaser signed a new deposit receipt on the new terms but later rejected the contract, and filed suit in equity for rescission and for the return of her $1,000 deposit. Her suit was against the sellers and against the broker who still held the $1,000.
As a basis for charging fraud the purchaser alleged that the broker informed her, when the counteroffer was made, that if she did not accept the terms of the counteroffer her deposit would be forfeited. The sellers moved to dismiss, on the ground that the complaint did not state a cause of action against them. The chancellor properly granted their motion and dismissed the cause as to them. No further amendment was filed, and the sellers were not later made parties to the purchaser’s suit for rescission.
The broker did not move to dismiss (although the insufficiency of the complaint had been established), but after a lapse of six months she filed an answer. The equity suit was never tried. More than two years after the broker’s answer was filed the suit *185 was dismissed, on the basis of a stipulated settlement between the purchaser and the broker, by which the thousand dollar deposit which the broker held was divided between them; and by which they stipulated that the court should decree that their action would he binding on the sellers, who were not parties to the suit. The court approved the stipulation, and so ordered and dismissed the cause on August 8, 1956.
Meanwhile, the sellers had filed their action in the civil court of record against the purchaser and the broker to recover the amount of the deposit. When the matter first came on for trial, the judge of the civil court of record deferred to the circuit court on representation of the broker that the matter was to he decided in the equity suit which then was still pending.
Thereupon the sellers petitioned the circuit court for leave to intervene in the equity suit for the purpose of having their rights determined by that court. The circuit court denied their petition to intervene. They then returned to the civil court of record to progress their case there.
It was at that point that the purchaser and the broker made their stipulation in the circuit court, abandoning the litigation and dividing the deposit which the broker held. Approximately a month later the civil court of record granted to the sellers a summary judgment for $500 against the broker, being for one-half of the forfeited down payment. No appeal was taken from that judgment.
Six months after the judgment of the civil court of record (and seven months after the equity case had been dismissed on the stipulation between the purchaser and the broker) the broker deposited $500 with the clerk of the circuit court and requested protection of that court against the enforcement of the judgment. Three months thereafter, on June 20, 1957, the circuit court entered the order restraining execution of the civil court of record judgment. That order was entered in the equity case above mentioned where the sellers were not parties, and without service upon or notice to them and without requiring injunction bond.
On appellants’ first point, challenging the authority of the equity court to enjoin execution of the judgment on the basis on which it was applied for, we hold that there was no sufficient showing for the injunction. The pleading requisite under § 64.01, Fla.Stat., F.S.A., was lacking. The requirements for notice under § 64.02, Fla. Stat., F.S.A., and rule 3.19 of 1954 Florida Rules of Civil Procedure, 31 F.S.A. were not met. An injunction bond was essential. Sections 64.02 and 64.03, Fla.Stat., F.S.A.; Savage v. Parker, 53 Fla. 1002, 43 So. 507; Lewis v. Lewis, Fla. 1953, 66 So.2d 260.
Those requirements could not be dispensed with on the theory that the injunction was an order of the equity court made for the purpose of enforcing and carrying into effect its own decree (cf. Randall v. Randall, 158 Fla. 202, 29 So.2d 238, 242-243), because the sellers who held the civil court of record judgment were not bound by the decree in the equity suit to which they were not parties. Also, the equity decree was not an adjudication on the merits, but only a dismissal of the suit on a stipulation to which the sellers were not a party.
The second and third points stated in appellants’ brief amounted to a contention that the civil court of record judgment was valid, and not subject to control by the equity court through a suit in which the judgment holders were not parties, and which suit was settled on a stipulation in which they did not take part. In the case of State ex rel. Fulton Bag & Cotton Mills v. Burnside, 53 Fla. 599, 15 So.2d 324, 326, in dealing with the subject, the Supreme Court said:
“It is settled law that where it appears that a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard as required *186 by law, errors or irregularities, or even wrong doing in the proceedings, short of an illegal deprivation of an opportunity to be heard, will not render the judgment void. See Malone v. Meres, 91 Fla. 709, 109 So. 677. A judgment although irregular in form, entered by a court having jurisdiction of the subject matter and the parties, is conclusive so long as unreversed and cannot be attacked collaterally. See Ponder v. Moseley, 2 Fla. 207, 48 Am.Dec. 194; Crosby v. Burleson, 142 Fla. 443, 195 So. 202.
“Likewise it is settled that a judgment rendered in a civil action may be collaterally attacked or impeached and set aside on a bill in equity, when it is alleged and proven that the judgment was obtained by fraud or collusion. See Ryan Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Crosby v. Burleson, supra. For the rule applicable to final decrees see State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So.2d 620.”
The civil court of record had jurisdiction of all of the parties involved and the subject matter, determined the case on the merits and entered a final judgment from which no appeal was taken. In seeking to enjoin execution thereon, the broker did not contend that she had not been accorded an opportunity to be heard, nor did she level any charge of fraud at the judgment. See Parrish v. Joyner, Fla.1951, 54 So.2d 50, 51.
We must conclude that the injunction was improvidently issued. The order of the circuit court which is appealed from, denying the appellants’ motion to dissolve, is reversed and the cause remanded with directions to enter an order dissolving the injunction.
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.