HORTON, Chief Judge.
Appellants, defendants below, seek review by interlocutory appeal of an order temporarily restraining them from proceeding to levy or execute upon any properties of the appellees Silverman, Cohen and Palm Industrial Corporation, to satisfy a judgment rendered in their favor against said appellees, pursuant to a jury verdict in a law action.
The order appealed was entered upon the sworn allegations of a complaint for injunction and declaratory decree filed by the appellee J. A. Cantor Associates, Inc. By its complaint, said appellee alleged that it was entitled to the real estate brokerage commission represented by the verdict and judgment in appellants’ favor or at the very minimum, was a participating broker with the appellants and entitled to participation in the commission.
The determinative point raised upon appeal is whether or not the chancellor erred in restraining execution upon the judgment obtained at law where there is no allegation of fraud in obtaining the judgment, lack of jurisdiction or due process. We conclude that the chancellor erred.
It is fundamental that a court of equity will not restrain the execution upon a judgment obtained at law simply upon the ground that it was unjust, irregular, or erroneous, or because the equity court would, in deciding the same case, have come to a different conclusion. See Peacock v. Feaster, 52 Fla. 565, 42 So. 889. A judgment which appears upon its face to be regular cannot be collaterally attacked when entered by a court having jurisdiction of the subject matter and the parties. State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324; Concrete Block & Wall Company v. Knap, Fla.App. 1958, 102 So.2d 742. The complaint filed by the appellee Cantor does not contain any allegations directed to the invalidity of the judgment entered by the law court or the lack of jurisdiction of that court. Nor is there any allegation of denial of due process which might render the judgment void. State ex rel. Fulton Bag & Cotton Mills v. Burnside, supra; Webb v. Gregory, Fla.App.1959, 105 So.2d 183.
The law is well settled that an equity court does not have jurisdiction to enjoin the enforcement of a judgment unless fraud is clearly, positively and unequivo *52 cally asserted as a basis for such relief. Rosenstone v. Johnson, 93 Fla. 319, 111 So. 630; Jeffery Lumber Company v. Coleman, 149 Fla. 704, 6 So.2d 821; Parrish v. Joyner, Fla.1951, 54 So.2d 50; Webb v. Gregory, supra. In this case there is no charge of fraud, lack of jurisdiction or due process.
Accordingly, the order appealed is reversed and the cause remanded with directions to dissolve the temporary restraining order.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.