SHANNON, Chief Judge.
This is an interlocutory appeal from an order by the chancellor below enjoining the appellant from further proceedings at law in a garnishment action.
In an already pending equity suit in the Pinellas County Circuit Court between Robert M. Snyder d/b/a Clearwater Construction Company and A. William Herbst, et al., Snyder petitioned the court to enjoin Triumph Metal Products, Inc., from prosecuting a garnishment proceeding it had brought in Duval County wherein Triumph was plaintiff and judgment creditor of Jacksonville Elevator Company, and wherein Snyder was the garnishee.
Neither Jacksonville Elevator Company nor Triumph was a party in the pending equity suit in Pinellas County. Jacksonville Elevator Company had a claim against Snyder for installing elevators in the construction job about which the equity suit was brought, wherein the money was held in escrow. This suit had not been completed when the law action was commenced.
While the appellant has raised two points in its brief, we will, by this decision, only consider the second point, which reads:
“Whether an order of injunction restraining prosecution of a law action was proper where the law court had jurisdiction of the parties and subject matter and was competent to try the issue, and the injunction proceedings did not involve the same matters or issues or res, and no irreparable harm or injury would be suffered, and no payment of law court costs or posting of injunction bond was required.”
In the law action, Snyder had filed an answer denying the indebtedness and alleging that no sum would be due until such time as payment was received by Snyder and until such time as all services had been rendered and equipment installed by Jacksonville Elevator Company. This answer was traversed by Triumph.
In view of the fact that the injunctive order restrains further prosecution of the garnishment action in the law court, which had jurisdiction of the subject matter and of the parties and which was competent to try the issues, the question before us on this interlocutory appeal is whether or not the injunction was proper.
Ordinarily, a court of equity has the authority to control proceedings at law where a party is attempting to obtain an unconscionable advantage of another. But, the power of equity in this regard will be sparingly exercised. See 17 Fla.Jur., Injunctions, Sec. 63, wherein the following statement is made:
“The authority of equity to enjoin proceedings at law for the purpose of exercising equitable control over the parties and proceedings is inherent in courts of equity jurisdiction. This power has been fortified by statutory provisions which specifically authorize the stay, by injunction, of proceedings at law. And when a party is attempting, through the instrumentality of an action at law, to obtain an unconscionable advantage of another, equity will restrain the action. Though the power of equity in this regard is sparingly exercised, the remedy will lie where the equities demanding such a course *346 are apparent and strong. It should be pointed out in this regard that causes erroneously instituted on the law side may he transferred to the equity side of the court.”
See also 12 Fla. Law and Practice, Injunction, Sec. 23, and Kooman, Florida Chancery Pleading and Practice, Sec. 258.
There is considerable Florida case law dealing with the power of the court of general equity jurisdiction to enjoin the parties to a law action from proceeding further therein where the res .is involved in the equity suit. But our research has failed to find a Florida case with the exact factual situations that we have here. From the record in this case these are: 1) the Duval law action was a statutory garnishment proceeding; 2) some money is owing from Snyder to Jacksonville Elevator on their sub-contract; and 3) neither Jacksonville Elevator Company nor Triumph is a party to the Pinellas chancery suit.
In an early Florida case, Cohen v. L’Engle, 1892, 29 Fla. 579, 11 So. 47, the defendant in a law action sought to enjoin the plaintiff in that proceeding, but our Supreme Court said that it appeared that under his pleadings in the common law action he could therein obtain the same relief to which the allegations of the bill in equity would entitle him. The injunction was therefore denied. Also, in Rawls v. City of Miami, 1921, 82 Fla. 65, 89 So. 351, 352, the court had before it an appeal from the denial of an injunction against the enforcement of an ordinance. In affirming the lower court, it was said:
“It is not apparent from the allegations of the bill that a multiplicity of suits would follow the attempted enforcement of the ordinance, nor that the complainant has no adequate remedy at law, nor that his injury would be irreparable. Whether the ordinance is a valid one is a question of law. The rule is that equity will not restrain a prosecution at law where'the question is the same at law and in equity; the necessity not being apparent to protect the complainant from oppressive and vexatious litigation. * * * ”
And in Rosenstone v. Johnston, 1927, 93 Fla. 319, 111 So. 630, 631, the dismissal of a bill in equity to declare void a judgment in an unlawful detainer action was affirmed and the court said:
“ * * * Where the record shows that the judgment was that of a court of competent jurisdiction, that the court had acquired jurisdiction of the parties and of the subject-matter, no fraud is charged, and the complainant had opportunity to defend the action, equity will not intervene to enjoin. * * * ”
In the Rosenstone case the court cited Peacock v. Feaster, 1906, 52 Fla. 565, 42 So. 889, in which a discerning discussion of this facet of equity jurisprudence is contained. Likewise, in Garrett v. Phillips, 1931, 101 Fla. 426, 134 So. 231, the court stated:
“It appears from the record before us that the law court was entirely competent to adjudicate the rights between the parties upon proper pleadings and issues being presented in that cause.
“As has been said by this Court: ‘It is a universal rule that equity will not enjoin legal proceedings where the law court is competent to adjudicate, upon proper pleas in the legal action, the matters presented to the court of equity as a ground for injunction.’ ”
In Pepple v. Rogers, 1932, 104 Fla. 462, 140 So. 205, there is another good discussion of these principles of equity about which we have been speaking.
It does not appear from the record before us that further prosecution of the action at law in Duval County will have the effect of placing the appellant, Triumph Metal Products, Inc., in a position of unconscionable advantage over the appellee, Snyder. Snyder has raised, by answer in the law action, certain issues of fact which *347 are proper matters for defensive pleading therein. Hence, we can see no reason why injunctive process should issue against Triumph from the Pinellas County Circuit Court, where the equity cause is now pending, and we think that it was error for the chancellor therein to enter the order of injunction from which this interlocutory appeal is taken.
Reversed.
ALLEN, J., and WILLSON, JESSE, Associate Judge, concur.