SWANN, Judge.
This interlocutory appeal stems from a law suit in the Circuit Court of Dade County, Florida, in which a summary final judgment was entered in favor of Theodore Wilisch and against Leatha Fleeman Arlt. When payment of that judgment was not made, a writ of execution issued against certain real property owned by Arlt, and the Sheriff of Dade County offered the property for execution sale. Coral Construction Corp. was a bidder and successful purchaser at the sale of said property for the sum of One Thousand Dollars.
The record reflects an appeal from that judgment, but that appeal is not before us at this time.
*891 Arlt then filed a complaint in equity, subsequently amended, against Coral Construction Corp., the Sheriff, and Wilisch, requesting that the Sheriff be enjoined from executing and delivering a deed to the property to Coral Construction Corp.; that the Sheriff be restrained from returning the One Thousand Dollars bid at the sale to Coral Construction Corp. or paying it to Wilisch; that Arlt be permitted to deposit in the Registry of the Court an agreed amount of money in full settlement of Wilisch’s judgment, and that the court void the sale of the property. The essential allegations of the amended complaint are:
1. That the Sheriff's sale was not conducted at the south front door of the courthouse in Miami, Dade County, Florida, but instead was conducted at the information booth or desk in the lobby of the courthouse adjacent to the elevators on the west side of the building.
2. That the bid of Coral Construction Corp. was $1,000.00 and that the appraised value of the property was $103,000.00, subject to a $40,-000.00 mortgage.
3. That the Sheriff did not sell the property for cash, but accepted a personal check from the attorney for Coral Construction Corp.
The Sheriff filed an answer denying the material allegations of the amended complaint and both the Sheriff and Coral Construction Corp. filed Motions to Dismiss the Complaint.
All parties thereafter moved for summary judgment and the trial court denied the motions for summary judgment and the motions to dismiss. Coral Construction Corp. has filed an interlocutory appeal from that order and has assigned as error the ■denial of its motion for summary judgment and motion to dismiss.
Although neither party has addressed themselves to the point hereinafter discussed, we believe this case is controlled by Parrish v. Joyner, Fla.1951, 54 So.2d 50, in which the Supreme Court stated:
* * ^ * * *
“We have repeatedly held that an equity Court does not have jurisdiction to enjoin execution sales unless fraud is clearly, positively and unequivocally asserted as a basis for such relief. Jeffery Lumber Co. v. Coleman, 149 Fla. 704, 6 So.2d 821; Rosenstone v. Johnston, 93 Fla. 319, 111 So. 630 and Peacock v. Feaster, 52 Fla. 565, 42 So. 889. Respondent had an adequate remedy at law, his allegation by way of a conclusion to the contrary notwithstanding. * * * (Citations omitted)
* * * * * *
The Parrish case, supra, has been cited with approval by this court in Goldfarb v. J. A. Cantor Associates, Inc., Fla.App.1960, 123 So.2d 50, which held:
* * * * * *
“It is fundamental that a court of equity will not restrain the execution upon a judgment obtained at law simply upon the ground that it was unjust, irregular, or erroneous, or because the equity court would, in deciding the same case, have come to a different conclusion. See Peacock v. Feaster, 52 Fla. 565, 42 So. 889. A judgment which appears upon its face to be regular cannot be collaterally attacked when entered by a court having jurisdiction of the subject matter and the parties. * * * (Citations omitted)
* * * * * *
“The law is well settled that an equity court does not have jurisdiction to enjoin the enforcement of a judgment unless fraud is clearly, positively and unequivocally asserted as a basis for such relief. * * * ” (Citations omitted)
******
In the instant case there was no clear or positive allegation of fraud, lack of jurisdiction, or lack of an adequate remedy at *892 law. We believe that under authority of the cases above cited, the trial court erred in denying the motions to dismiss.
The decision of the trial court is therefore reversed and the cause remanded with instructions to grant the motions to dismiss without prejudice.
Reversed and remanded.