PER CURIAM.
The plaintiff below, Herschel Levy, is the appellant in cases 67-856, 67-857 and 67-858. In his complaint for declaratory decree, the plaintiff alleged that he was the owner of one-third of the issued common stock of a corporation known as Gourmet Masters, Inc., and that the majority stockholder had wrongfully sought to amend certain portions of the corporate charter and by-laws with the objective of depriving the plaintiff of his rights as minority shareholder. After several hearings, the chancellor entered a final decree on May 24, 1967, directing that all of the assets of Gourmet Masters he disposed of at public sale and that further hearings be held for the purpose of determining the manner in which the proceeds would be distributed.
At approximately the same time, Rosa Levy, who is the appellant in cases 67-907, 67-908 and 67-937, obtained three separate judgments against Gourmet Masters, Inc., in the Civil Court of Record. These judgments, dated May 23, June 29 and July 12, 1967, were based upon promissory notes executed by the corporation in favor of Rosa Levy.
The sale of corporate assets took place on August 9, 1967, over Herschel Levy’s objection that neither the order nor the notice contained an adequate description of the nature and amount of the property to be sold. The only bidders present at the sale were Levy and Dale Foods, Inc., the ultimate purchaser. Plaintiff asserts that Dale Foods was organized and is wholly owned by the former majority stockholder of Gourmet Masters, Inc., and that, as such, Dale Foods had ample opportunity to determine the exact description of the sale property, whereas the other bidders or potential bidders were denied such opportunity. On August 15, 1967, the chancellor entered an order confirming the sale at the bid price of $4,500.00. Plaintiff again noted his objection as to the insufficiency of the description of the sale property. Subsequently, plaintiff filed his motion to vacate the sale on the grounds of inadequacy of price, coupled with lack of notice. From the order denying this motion, as well as from other orders, Herschel Levy appeals.
Ten days after the sale had been confirmed, Rosa Levy filed a pleading entitled “Motion for Protection of Judgment Creditor” by which she sought to have her claim against Gourmet Masters recognized by the court in order that she might share in the proceeds of the sale. The motion was denied, having the effect of precluding Rosa Levy as a party to the action. She then filed writs of execution in further attempts to collect the judgments. However, before levy of execution could be effected, the chancellor, upon the motion of Gourmet Masters and Dale Foods, entered a temporary injunction prohibiting further implementation of execution by either Rosa Levy or the Sheriff. The injunction was entered without notice or hearing, and no bond was posted. On September 6, 1967, the chancellor ordered the proceeds of the sale distributed among various creditors of Gourmet Masters, excluding Rosa Levy. None of these creditors had reduced his claim to judgment. By her appeals, Rosa Levy attacks the injunction and order of distribution.
Turning first to the appeals brought by Herschel Levy, the record indicates that each of them emanates from an objection interposed at a step in the progression of the judicial sale proceedings. This being so, the last must encompass all before it, and a decision on the contention that the lower court erred in denying appellant’s motion to set aside the sale is necessarily dispositive of the remaining questions. Essentially, appellant asserts that the sale should have been set aside because of inadequacy of price, and secondly, he argues, the failure to publish or even to disclose descriptions of the assets to be sold deprives the sale of an essential element of fairness. We agree. A sale price of $4,500.00 can not be justified in *84 view of the fact that corporate records reveal that Gourmet Masters had cash on hand of $2,428.18, monthly sales of between $17,754.54 and $21,134.90, and total assets in the amount of $36,205.64. Of course, mere inadequacy of price is not a sufficient ground to set aside a judicial sale. There must also be some element of fraud, mistake, collusion, surprise, misconduct or irregularity. Arlt v. Buchanan, Fla.1966, 190 So.2d 575; Edward A. Lashins, Inc. v. Baumann, Fla.App.1967, 201 So.2d 495; Subsaro v. Van Heusden, Fla.App.1966, 191 So.2d 569. We are of the opinion that failure to disclose the number and nature of assets to be sold here constitutes such an additional fatal element. The reasoning is well explained in 16 R.C.L. § 18, where it is said :
“One of the characteristics of a judicial sale is that the court’s decree of sale acts upon specifically described property. The property should therefore be judicially itemized in the decree * * *
“In a judicial proceeding which may result in the involuntary divesting of an estate everything ought to be made so very clear and certain as to attract immediate attention to the property to be sold, so that even a casual observer might at once know what it is that he may have the privilege of bidding upon.”
And in the case of Arapian v. Rice, 296 F. 891 (5th Cir. 1924), where it is stated:
“It is, of course, important in proceedings for judicial sales in which title is to be involuntarily divested that there be certainty as to what is to be sold, to the end that the property may bring its full value, and that disputes may be avoided, and if reasonable certainty is lacking the sale is void.”
The nondisclosure of the number and nature of assets to be offered at public sale served to discourage offers, not only from third party potential bidders but also from the corporation’s own minority stockholder, who may properly be heard to complain that he had no wish to buy a “pig in a poke.” The order denying appellant’s motion to vacate the sale must be reversed.
We now proceed to a consideration of the cases presented by appellant, Rosa Levy. Having ruled that sale must be set aside, it becomes unnecessary to pass upon the correctness of the order distributing the proceeds of that sale. However, appellant’s contentions in regard to the order granting the temporary injunction merit some discussion.
Injunctions and the issuance thereof are governed by Rule 1.610, Florida Rules of Civil Procedure, 31 F.S.A. (Formerly Rule 3.19), which supersedes §§ 64.01-64.03, Fla.Stat., F.S.A. Pertinent portions of Rule 1.610, supra, provide as follows:
“(a) Issuance. No injunction shall be granted until a complaint therefor is filed.
“(b) Temporary Injunction; Notice; Bond. No temporary injunction shall be granted except after notice to the adverse party unless it is manifest from the allegations of a verified complaint or supporting affidavits that the injury will be done if an immediate remedy is not afforded and in such event the court may grant a temporary injunction until a hearing or further order of court. When a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evidence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted. * * *
“(c) * * *
“(d) * * *
*85 “(e) To Stay Other Proceedings. No injunction to stay other proceedings shall issue except on motion and notice to the adverse party, nor unless the party applying therefore has previously paid all costs of the other proceeding and gives a bond payable to the adverse party in the other proceeding and conditioned (1) to pay to plaintiff all damages, losses, expenses and charges which he may have sustained or have been put to by reason of the issuing of the injunction if the injunction is dissolved or if the complaint upon which it was granted is dismissed, if the application is to stay proceedings before verdict or inquest of damages; or (2) to pay the debt, interest and such damages as may be occasioned by the wrongful issuing of said injunction if said injunction is dissolved or the complaint upon which it is granted is dismissed if the application is to stay the proceeding after verdict or inquest of damages.”
When measured against the above criteria, the issuance of the temporary injunction in the instant case appears clearly erroneous. For example, Rosa Levy was never served with a copy of a complaint, nor was any complaint ever filed against her. In other words, she was never made a party to this suit. Indeed, before the injunction was issued, she attempted, upon her own motion, to become a party, but that motion was denied. This obviously contravenes the requirement of subsection (a) of Rule 1.-610, supra. Furthermore, neither Gourmet Masters nor Dale Foods were ordered to post a bond as contemplated in subsections (b) and (e) of Rule 1.610, supra. See: International Brotherhood, etc. v. Miami Retail Grocers, Inc., Fla.1954, 76 So.2d 491; Lewis v. Lewis, Fla.1953, 66 So.2d 260; Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441 (1938) ; Metropolitan Dade County, v. Polk Pools, Inc., Fla.App.1960, 124 So.2d 737. Nor did Rosa Levy have notice or an opportunity to be heard. While this last alone is not fatally defective, since there are provisions in the rule for dispensing with notice and hearing, yet the terms for so doing are specific. The Florida Supreme Court has pointed out in the case of Godwin v. Phifer, 51 Fla. 441, 41 So. 597 (1906):
“It should be borne in mind that the writ of injunction is an extraordinary, not an ordinary, everyday writ, and it should never be granted lightly, but cautiously and sparingly and notice should always be required to be given in accordance with equity rule 46, unless the provisions therein for dispensing with notice have been strictly followed. Like the writ of habeas corpus, the writ of injunction is a highly beneficial writ; but great care should be exercised in awarding it, lest it be turned into an instrument of oppression and injury.”
A careful examination of the record reveals no indication of compliance with Rule 1.610, supra, in respect to notice and hearing. Finally, the issuance of this injunction also offends the principle that courts of equity are without jurisdiction to enjoin execution upon a judgment obtained at law simply upon the ground that such judgment was irregular and erroneous. A judgment which appears on its face to be regular can not be collaterally attacked absent a showing of fraud or lack of jurisdiction, either of the subject matter or over the person of the defendant. See: Parrish v. Joyner, Fla.1951, 54 So.2d 50; Jeffery Lumber Co. v. Coleman, 149 Fla. 704, 6 So.2d 821 (1942); Peacock v. Feaster, 52 Fla. 565, 42 So. 889 (1906); Goldfarb v. J. A. Cantor Associates, Inc., Fla.App.1960, 123 So.2d 50; Webb v. Gregory, Fla.App.1958, 105 So.2d 183. For the reasons enumerated above, the temporary injunction against Rosa Levy must be reversed. Having so ruled, we find it unnecessary to proceed to consideration of contentions raised by appellant’s other appeals.
Reversed.