HALL, Judge.
The appellant Florida Citrus Nursery, Inc. (FCNI) challenges an order declaring the appellee Avon Citrus Nursery, Inc. (Avon) to be the owner of a particular chose in action by virtue of its purchase of the Florida Citrus Nursery at a judicial sale. We reverse.
The Florida Citrus Nursery was a partnership of which FCNI was the managing partner. Pursuant to an action filed in 1986, the partnership was declared dissolved. Finding that justice would be best served by a sale of the partnership business as a going concern, Judge Thompson ordered the sale of “the partnership citrus nursery business including all equipment, fixtures, unsold products, and other property real, personal, or mixed, tangible or intangible used in the business, including *1356 contract rights and responsibilities thereunder.” The order of sale also referred to and approved an attached exhibit describing in detail the property to be sold. Avon purchased the partnership’s property at a judicial sale and was issued a certificate of title.
Two years later, in 1988, FCNI filed an action for inverse condemnation against the Florida Department of Agriculture and Consumer Services for damages for the destruction of several hundred thousand of its healthy citrus trees and plants in 1984 during the Department’s citrus canker disease eradication program. The action included a count seeking a declaratory judgment that, the judicial sale to Avon notwithstanding, FCNI was the sole owner of the claim against the Department.
At the hearing on the declaratory judgment count, Judge Young voiced his belief that because the chose in action against the Department was not listed in the order of sale or the notice of sale it could not have been part of the property purchased by Avon at the judicial sale. We note that the record is devoid of any evidence that Judge Thompson knew of the existence of the chose during the partnership dissolution proceedings or that he or Avon knew of its existence at the time of the judicial sale. However, in the written order subsequently entered by Judge Young, he declared the chose in action to be part of the property sold to Avon because he believed that Judge Thompson and all of the parties to the partnership dissolution action intended that all of the assets and liabilities of the partnership, except claims among the partners, were to be sold.
We understand Judge Young’s interpretation of the partnership dissolution proceedings, and we find Avon’s assertions along the same lines impressive in the context of this particular case. However, because of two important principles of law, we must disagree with Judge Young’s order.
First, an award of damages as compensation for injury to land belongs to the person who owns the land at the time the injury occurs, and that award only passes to a subsequent grantee of the land through proper provision in the deed or by assignment. Canney v. City of St. Petersburg, 466 So.2d 1193 (Fla. 2d DCA 1985).
Second, “in proceedings for judicial sale, by which title is to be involuntarily divested, there must be certainty as to what is to be sold, so that the property may bring its full value_” Arapian v. Rice, 296 F. 891 (5th Cir.1924).
Under these principles of law, the chose in action against the Department did not pass to Avon. The order of sale refers to property used in the business. The partnership’s chose in action for inverse condemnation against the Department is not such property for a chose in action is by definition a “thing of which one has not the possession or actual enjoyment but only a right to demand by an action at law.” 42 Fla.Jur.2d Property § 10 (1983). Further, neither the exhibit attached to the order that more particularly describes the property to be sold, the order prescribing the terms and conditions of the sale, the certificate of sale, nor the certificate of title list the chose as part of the property sold.
Since the bidders at the judicial sale were not on notice of the existence of the chose, it necessarily follows that their bids did not reflect its value. In Levy v. Gourmet Masters, Inc., 214 So.2d 82, 84 (Fla. 3d DCA 1968), the Third District held that the failure to disclose “the number and nature of” all that is to be sold at a judicial sale was fatal to the validity of the judicial sale. The court explained the reason this failure is fatal by quoting the following from 16 Ruling Case Law, section 18:
“One of the characteristics of a judicial sale is that the court’s decree of sale acts upon specifically described property. The property should therefore be judicially itemized in the decree.
In a judicial proceeding which may result in the involuntary divesting of an *1357 estate everything ought to be made so very clear and certain as to attract immediate attention to the property to be sold, so that even a casual observer might at once know what it is that he may have the privilege of bidding upon.”
214 So.2d at 84.
Although Levy was an action to vacate a judicial sale, we believe that the reasoning behind the court’s holding therein is applicable to this action to determine exactly what was sold at a particular judicial sale. If the failure to list all of the items to be sold is fatal to a judicial sale, then the failure to list a particular item to be sold is fatal to the passage of that item to the highest bidder. Not only is the failure to list an item to be sold detrimental to obtaining full value, allowing that unlisted item to pass to the highest bidder would constitute a windfall for that bidder.
Accordingly, we find that the chose in action against the Department did not pass to Avon through the judicial sale, but would have remained in the partnership had it not been dissolved. Because of the dissolution, we must remand this cause to the trial court for further determination as to the interests of any of the former partners in this claim against the Department. Any compensation awarded for the instant claim as a result of the process set forth in Chapter 89-91, Laws of Florida, relating to compensation for citrus plants destroyed during the canker eradication program shall be distributed according to the interests determined by the trial court.
Reversed and remanded with directions consistent herewith.
SCHEB, A.C.J., and PATTERSON, J., concur.