54 So.2d 48 (1951)
STATE ROAD DEPT. et al.
v.
NEWHALL DRAINAGE DIST. et al.
Supreme Court of Florida, Special Division A.
August 10, 1951.
John W. McWhirter and Morrice S. Uman, Tampa, for State Road Dept.
Drew, Burns, Middleton & Rogers and E. Harris Drew, West Palm Beach, for Board of Com'rs of Everglades Drainage Dist.
Henderson, Franklin, Starnes & Holt and J.A. Franklin, Fort Myers, for appellees.
TERRELL, Justice.
Newhall Drainage District and R.D. Lyons, a land owner therein proffered their bill of complaint in which they prayed that the Board of Commissioners of Everglades Drainage District and the State Road Department be enjoined (1) from placing two 48 inch culverts under State Road 78 in order that flood waters from Nicodemus Slough could enter canals of Newhall Drainage District and flow thence into Calloosahatchee River. (2) From cleaning, widening and deepening "Borrow Pit Canal", the main diversion canal of Newhall *49 Drainage District, the purpose of constructing said drainage facilities being to permit "Borrow Pit Canal" to receive and dispose of flood waters from Nicodemus Slough.
The answer of defendants denied the material allegations of the bill of complaint and denied that placing said culverts would cause damage to the lands of complainants. It alleged in the alternative that placing the two inch culverts under State Road 78 would protect it against flooding and would open a much larger area of land for cultivation and grazing. A large volume of evidence was taken on the issues so made, at the conclusion of which the chancellor found for the plaintiffs and restrained defendants from proceeding to place the two culverts under State Road 78 and from clearing "Borrow Pit Canal". This appeal is from the injunctive decree so entered.
The point for determination is whether or not the chancellor abused his discretion in granting the restraining order complained of.
The Board of Commissioners of Everglades Drainage District is an administrative board created by Chapter 6456, Acts of 1913, F.S.A. c. 298, § 1530 et seq. Its primary function is to drain a large area of land, East, West and South of Lake Okeechobee designated as Everglades Drainage District. Section 3 and other provisions of the said Act clothe the Board of Commissioners of Everglades Drainage District with very liberal and discretionary powers to the end that its function may be accomplished. Newhall Drainage District is a sub-drainage district within the confines of Everglades Drainage District. It was created by decree of the Circuit Court and was validated by Chapters 10926 and 10928, Sp.Acts of 1925. It includes the City of Moore Haven. Nicodemus Slough is a large area of marshy land lying North of Newhall Drainage District and valuable primarily for grazing. State Road 78 runs North and South through Newhall Drainage District, thence along the Easterly side of Nicodemus Slough. It has a road bed elevated to grade twenty feet which acts as a barrier to waters in Nicodemus Slough flowing into Lake Okeechobee. "Borrow Pit Canal" is the main diversion canal of Newhall Drainage District. It is along the Easterly side of the District and connects with Calloosahatchee Canal.
The real issue confronting the chancellor was whether or not construction of two 48 inch culverts under State Road 78, as an outlet for flood waters of Nicodemus Slough and the improvement of Borrow Pit Canal in the manner proposed for water diversion purposes, would cause damage to the lands of the plaintiffs.
On this issue much evidence was taken by the chancellor who found (1) that since this suit was instituted the Federal Government has constructed Levee  43, which will prevent water from Fisheating Creek flooding Nicodemus Slough and that there is now little probability that the lands in said Slough or State Road 78 will be flooded. (2) That the drainage facilities of Newhall Drainage District are insufficient to discharge its flood waters, that two 48 inch culverts connecting Nicodemus Slough with the drainage facilities of Newhall Drainage District would be of no value except at flood seasons and at such times the discharge through said culverts would be insufficient to relieve Nicodemus Slough and that the construction of said culverts and the clearing of "Borrow Pit Canal" would seriously endanger the lands in Newhall Drainage District, including the health of the people of Moore Haven, (3) that the program of drainage improvement proposed by defendants is an abuse of discretion and should be enjoined.
Appellants attempt to overcome the injunctive order directed to them with the thesis that Section 3, Chapter 6456, Acts of 1913, F.S.A. c. 298, § 1532, clothes the Board of Commissioners of Everglades Drainage District with very broad discretionary powers in the matter of reclaiming the lands in Everglades Drainage District, that it is clothed with governmental powers which are mandatory and that when performing the duty imposed on it by law, a court of equity should not substitute its judgment for that of appellant and enjoin the performance of its legal duty.
*50 It is well settled that a court of equity will not ordinarily substitute its judgment for that of an administrative board when acting within the scope of its authority as defined by law, neither will it move to restrain a presumptive breach of duty, a suspicion that an administrative Board will act illegally or will not follow the law. Its power will not be called into action when the right invaded is slight, technical or not substantial, where the injury may be easily compensated in damages or where the threatened injury to the one complaining would be slight in comparison to that about to be imposed on the public, or where fraud, malice, bad faith or bad motives are not shown.
While this is the general rule, like all other rules of law it has its exceptions, one of which is that the matter of granting an injunction rests largely in the discretion of the trial court, to be governed by the facts and circumstances of the particular case, and when this is evident, an abuse of discretion must be shown to warrant an appellate court in disturbing the order of the chancellor.
Newhall Drainage District is also a governmental entity with powers similar to those of Everglades Drainage District. Both districts operate in many respects on the same functional level. In the bill of complaint, complainant alleged in substance that defendants proposed to relieve flood conditions in Nicodemus Slough by directing its flood waters over or through the drainage works of Newhall Drainage District, that such proposal would accomplish no useful purpose, that it would seriously endanger the lands in Newhall Drainage District, would create a serious sanitary problem in the City of Moore Haven and cause other irreparable injuries to the plaintiffs. The chancellor so found and the evidence supports his finding.
After all is said, we are confronted with a plain open case in which officers of one governmental entity are charging those of another governmental entity with usurping or trespassing on their rights. It is unquestionably true that the courts are hesitant to direct restraining orders against public officers, but when as here, they are charged with committing a public wrong or violating substantive rights and giving an unequal benefit in return, and the evidence supports the decree of the chancellor restraining them, it should not be disturbed.
This appears to be the situation in the case at bar so the decree appealed from must be and is hereby affirmed.
Affirmed.
SEBRING, C.J., ROBERTS, J., and PARKS, Associate Justice, concur.