**MERLITE LAND, SEA & SKY, INC.,**
**Plaintiff-Appellant,**

**v.**

**PALM BEACH INVESTMENT PROP-**
**ERTIES, INC., etc., et al.,**
**Defendants-Appellees.**

**No. 28565**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 19, 1970.

Marvin I. Wiener, Miami, Fla., Judith A. Brechner, Miami Beach, Fla., for plaintiff-appellant.

Herbert C. Zemel, Michael S. Goldberg, of Zemel, Kaufman & Zemel, Miami Beach, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

JOHN R. BROWN, Chief Judge.

In this Florida diversity case we must again send a case back for the normal process of development of the facts and the determination of the real merits of the case.[1] "This is but a dif-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part

ferent prelude to the common refrain and the high mortality rate to a dismissal under F.R.Civ.P. 12(b) for failure to state a claim". Pred v. Board of Public Instruction of Dade County, Florida, 5 Cir., 1969, 415 F.2d 851, 852, n. 1. See also Barber v. M/V "Blue Cat", 5 Cir., 1967, 372 F.2d 626, n. 1, 1967 A.M.C. 1926; Millet v. Godchaux Sugars, Inc., 5 Cir., 1957, 241 F.2d 264, n. 1.

Palm Beach Investment Properties, Inc., defendant-appellee, is a real estate promoter that markets its properties by bringing prospective customers to Florida through "free vacation certificates". When the customer arrives for his "free vacation" the defendant then engages him in a strong sales campaign involving tours of the real estate. Apparently, Palm Beach now operates only in Florida, but at the time this dispute arose it operated the same type of promotion in the Las Vagas, Nevada area.

Merlite, plaintiff-appellant, acting pursuant to a written agreement between it and Palm Beach, was in charge of the promotion of the "free vacation certificates". The certificates were distributed by Merlite through merchants who used them as promotional devices. Merlite was responsible for printing of certificates, advertising and promotion of the program, and initial contacts with the prospective customers. In return it was allowed to sell the certificates to the merchants and it received a $25 commission for each sale made to a certificate holder by Palm Beach.

■ The dispute arose when Palm Beach notified Merlite that it would no longer honor any of the certificates that had been distributed granting "free vacations" in the Las Vagas area. It is alleged by Merlite that this action was a violation of the written agreement between[2] these parties and that it sustained substantial damages including the loss of potential profits and the incursion of expenses for printing, distributing and advertising the certificates for the Las Vagas holiday. Merlite also presents its claim for relief on a tort theory claiming that the cancellation resulted in damage to its business reputation and relationships between it and the merchants it dealt with and ultimately potential certificate holders.

It is the position of Palm Beach, apparently adopted by the District Court, that the complaint failed to state grounds upon which relief could be granted because the alleged contract between Merlite and Palm Beach failed to specify the number of certificates Merlite was to print and distribute. The agreement only provided that Merlite should create, print and pay for the certificates *"in such quantities as needed"*. It is Palm Beach's position that this lack of specificity in the agreement made it illusory and unenforceable. As to the tort claim it argues there was no allegation of an interference with a contractual relationship and only such an interference could be a basis for recovery. In addition, Palm Beach contends that a disclaimer of liability on the back of the certificates prevents any recovery by Merlite.[3]

---

I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

2. In the area of conflict of laws the *Erie* light is now refracted by the many prisms of competing theories. But we are nevertheless bound to attempt to determine which law the Florida courts would apply. Under the old rule the law of the place of the making of the contract, in this case apparently New York, would be applicable. Warner v. Florida Bank & Trust Co., 5 Cir., 1948, 160 F.2d 766; Restatement, Conflict of Laws § 339. Here the resolution of this dilemma is

not necessary, however, since under any of the possible theories only the law of Florida or New York could be applied. And here there is apparently no disparity on the substantive principles concerning this case.

3. The limitation of liability provided: "Merlite, Land, Sea & Sky, Inc., with offices at 114 East 32nd Street, New York, N. Y. 10016, and Red Carpet Vacations, Inc., P. O. Box 4507, Normandy Br., Miami Beach, Florida 33141, act only as distributing agencies and do not assume responsibility for any dam-

Although it is basic contract law that there must be mutuality of obligations, it is just as basic that this mutuality may be supplied by reference to supplying the "needs" of the promisor. Edison Electric Illuminating Co. v. Thacher, 1921, 229 N.Y. 172, 128 N.E. 124; Jenkins v. City Ice and Fuel Co., 1935, 118 Fla. 795, 160 So. 215; A. Corbin, 1A Corbin On Contracts § 156 (1963). This is particularly true when the metes and bounds of an inherently indefinite word like "needs" can be supplied by the prior dealings between the parties to the contract. See Corbin, *supra*. And here this Rule 12(b) dismissal must be reversed since the complaint not only attached the agreement but also under a Conley v. Gibson [4] reading of the pleadings [5] it alleged a prior course of dealing.

Moreover, the complaint states a claim for which some relief can be granted even if it were determined that there was a lack of mutuality of obligation. It is well established that damages may be granted to a party who has performed his portion of such an agreement. See Florida-Georgia Chemical Co. v. National Laboratories, Inc., Fla.App., 1963, 153 So.2d 752. It is clear here that Merlite has alleged that it supplied all certificates required under the agreement until the defendant gave notice that it would no longer honor the certificates.

Finally, Merlite's allegation of a tort claim is also one as to which it cannot be said at this stage that relief could not be granted under a Conley v. Gibson, *supra*, reading of the pleadings. Palm Beach contends that no such claim is stated because the complaint speaks in terms of interference with the contract relationship between Merlite and the certificate holders. Palm Beach also argues that there is no such contract relationship. Such a restrictive reading of the factual allegations contained in count two of the second amended complaint is not in line with the teachings of *Conley*. These allegations are sufficient to permit proof which would show that there has been an interference with the business relationship between Merlite and the certificate holders and Merlite and the merchants who helped distribute these certificates. It is much too early to rule out the possibility of sustaining such a claim by proof. Depending on proof, not pleadings, such an interference may well be a basis for claim for which relief may be granted. See John B. Reid and Assoc., Inc. v. Jimenez, Fla. App., 1966, 181 So.2d 575; W. Prosser, The Law of Torts 745–60 (2nd ed. 1955).

In addition, the limitation of liability (see note 3, *supra*) does not prevent Merlite from having stated a claim in its complaint. First, the limitation of liability speaks only to liability to a holder of an existing certificate. A tort of interference with a business relationship encompasses prospective as well as current customers and the limitation of liability has no effect upon the merchants who may have distributed these certificates. Second, the limitation of liability speaks in terms of "use" of the certificates. It clearly does not refer to complete default upon the obligation of the certificate.

Thus this case must return to the Trial Court. In sending it back we repeat as we have done before, Pred, *supra*, 415 F.2d at 860; Webb v. Standard Oil Co., 5 Cir., 1969, 414 F.2d 320, 324; Equity Capital Co. v. Sponder, 5 Cir., 1969, 414 F.2d 317, 319, that this case is recommitted to the supervision of the Trial Judge without the slightest

---

age, expense or inconvenience; or the loss, injury, or damage to any person or property resulting from the use in any manner whatsoever of this Holiday Gift Certificate."

4. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

5. The allegations of past dealings are for these purposes set forth in Count I of the second amended complaint:
"Defendant was well aware that the sale of certificates constituted plaintiff's major source of profit by virtue of prior dealings and transactions between the parties * * *."

murmur of a suggestion as how it should or will come out when the real facts, not what the lawyer says the facts are, are developed or the lack of them demonstrated to a certainty warranting summary judgment, directed verdict or the like.

Reversed and remanded.