**NATIONAL EGG COMPANY,**
Plaintiff-Appellant,

v.

**SCHNEIDER EGG COMPANY, INC.,**
et al., Defendants-Appellees.

No. 75–1830
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Wm. H. Mills, Birmingham, Ala., Allen I. Hirsch, Atlanta, Ga., for plaintiff-appellant.

Michael L. Edwards, Barton S. Sacher, Birmingham, Ala., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

This is an appeal by National Egg Company (NECO), from a summary judgment granted to Schneider Bros., Inc. We reverse and remand.

This controversy arose over a $48,781.80 debt for eggs delivered to Schneider Egg Co. The corporations involved in this are (i) Schneider Bros., Inc., Chicago, Illinois (Schneider Illinois), and (ii) Schneider Egg Co., Inc., Birmingham, Alabama (Schneider Egg Alabama). The question is whether Schneider Illinois, is liable as guarantor for the egg purchases by Schneider Egg Alabama which is presumably insolvent and against whom judgment by default was entered. The Schneider companies had many common directors, officers, and shareholders, and at one time Schneider Illinois and Schneider Egg Alabama shared common offices in Birmingham. James Schneider, then resident in Birmingham, Alabama was a vice president of both corporations.

As this is a summary judgment case we accept at face value the affidavits put forth by NECO and resolve all conflicts in the material proffered by Schneider Illinois in NECO's favor.

The General Manager of NECO, learning of the weak financial structure of Schneider Egg Alabama ($2,000.00 capital stock) contacted James Schneider, and told him that NECO could not continue to make shipments to Schneider Egg Alabama without a guaranty of payment for such purchases. In response James Schneider orally stated that Schneider Illinois would guarantee the payment of the account of Schneider Egg Alabama, and that he would write a letter to that effect. On December 29, 1969 NECO received the following letter signed by James Schneider, as vice president and written on Schneider Illinois stationery:

Dear Joe,

In reference to our telephone conversation this date; this letter is to advise you that Schneider Brothers, Inc., Chicago, Ill., Schneider Brothers, Inc., Birmingham, Ala., and Schneider Egg Company, Inc., Birmingham, Ala. are financially responsible for eggs purchased through your organization.

I look forward to having a long and successful relationship.

Very truly yours,
James Schneider
Vice President, Sou. Div.

Section 20-401 of the Georgia Statute of Frauds requires that for "a promise to answer for the debt, default, or miscarriage of another" to be binding the "promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized". The District Judge stated that he could not characterize the statements in the December 29 letter as a promise, which would satisfy the Statute of Frauds, even assuming an unequivocal oral promise during the telephone conversation coupled with the written reference to the conversation.

This went too far too fast considering the specialized role of summary judgment. As this Court stated in *Shahid v. Gulf Power Company*, 5 Cir., 1961, 291 F.2d 422, "before rendering summary judgment the district court must determine both (1) 'that there is no genuine issue as to any material fact' and (2) 'that the moving party is entitled to a judgment as a matter of law.' Rule

56(c) . . . [R]equisite (2) does not automatically follow from requisite (1)."

But questions of law frequently cannot be separated from questions of fact as we pointed out in *Palmer v. Chamberlin*, 5 Cir., 1971, 191 F.2d 532. "Where . . . the decision of a question of law by the Court depends upon an inquiry into the surrounding facts and circumstances, the Court should refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently developed to enable the Court to be reasonably certain that it is making a correct determination of the question of law." *Id.* at 540.

At the outset the problem is not about the presence of a "writing" for the letter is written and signed on behalf of one admitted to be the vice president of both. The question is whether that writing is sufficient to express a purpose to be liable for the debt of another, or equally important, to pay for goods shipped to any of the entities listed.

Schneider Illinois asserts that the phrase "[the companies] are financially responsible for eggs purchased through [NECO]" is merely a representation as to financial stability and solvency. But in the circumstances reflected, it is entirely possible that a trier of the fact—which the Judge is not on summary judgment—will conclude that this is a promise by each to pay the debts incurred by any in the purchase of NECO eggs or in any event to pay for such deliveries independent of a guaranty.[1] To this must be added the possibility of establishing equitable estoppel from partial performance and acceptance.

What was needed was a development of the facts of all the circumstances against which to measure both the writing and the conduct of the parties on which to then base a sound decision on what these may or do add up to under controlling Georgia principles. Obviously, as we have many times emphasized, we intimate nothing as to the ultimate merits, outcome or, indeed, how far the case will get once evidence, not just controverting contentions, is developed.[2]

Reversed and remanded.

---

1. This Court in construing ambiguities, considers the situation in light of all the surrounding circumstances and prior dealings between the parties and does not require the presence of talismanic words. Cf. *Merlite Land, Sea & Ski, Inc. v. Palm Beach Investment Properties, Inc.*, 5 Cir., 1970, 426 F.2d 495; *United States v. Seckinger*, 5 Cir., 1969, 408 F.2d 146; *Batson-Cook Co. v. Industrial Steel Erectors*, 5 Cir., 1958, 257 F.2d 410; *Rea Construction Co. v. McCormick*, 5 Cir., 1958, 255 F.2d 257.

2. As did the District Court we pretermit decision on the accord and satisfaction contention.