PER CURIAM.
Appellant challenges an order denying his motion to dissolve a temporary injunction. We have carefully reviewed the terms of the temporary injunction, issued after a hearing at which appellant was present, and we find that the order was carefully drawn so as not to unduly deny or restrict appellant’s freedom of movement.
The injunction prohibits appellant from delivering or serving papers at the residence of any attorneys representing Jeffrey Timkee, or entering these attorneys’ property, from delivering or serving papers at the residence of Timkee, or entering his property, and from delivering any papers to the trial judge’s residence or former residence, or entering those properties. The order does not stop the appellant from serving writs of process or other pleadings. Defense counsel, in open court, agreed to accept at his office any and all process which appellant could or might be required to serve. The trial court clearly ratified the instant proceeding for the benefit of both parties. Consequently, despite the appellant’s earnest contention, we can find no error with this injunction. See State Road Dept. v. Newhall Drainage Dist., 54 So.2d 48 (Fla.1951) (decision for injunctive relief rests largely with sound judicial discretion of trial court); Baboun v. Royal Atlas Corp., 287 So.2d 407 (Fla. 3d DCA 1973) (decision to grant injunction will not be disturbed on review unless contrary to rule of equity).
Insofar as appellant attempts to challenge an order partially striking his complaint without prejudice as well as an order granting a motion to quash a subpoena directed to a records custodian, we are without jurisdiction to review these non-reviewable, non-final orders.
*1021 Accordingly, the actions under review are affirmed.