STRINGER, Judge.
Crowley Museum and Nature Center, Inc. (“the Nature Center”), seeks review of the trial court’s order dismissing with prejudice the counts in the Nature Center’s complaint against the Southwest Florida Water Management District and the Governing Board of the District (together “the District”). The dismissal was based on two findings: (1) the District enjoys sovereign immunity from all damages claims, and (2) the complaint failed to state a cause of action for an injunction. We conclude that both of these findings are erroneous and reverse.
The Nature Center is a nonprofit corporation established to educate the public about the natural and cultural history of Southwest Florida and to preserve the natural habitats and ecosystems of the area. It was established as a museum and is situated on a large parcel of land in Sarasota County. The District owns the Flat-ford Swamp, which is the tract of land directly upstream of the Nature Center. The Myakka River forms a western border of the Nature Center and lies downstream from the Flatford Swamp. The land upstream of Flatford Swamp is occupied by several vegetable farming operations.
*607 This case flows from the District’s issuance of permits allowing the farming operations to engage in “flood irrigation,” which involves pumping groundwater from the underground aquifer and flooding the fields up to the root zones of the plants. The excess flood irrigation water, which is called irrigation tailwater, flows off the farms into Flatford Swamp. "When the swamp basin fills, water then flows downstream onto the Nature Center’s lands.
As a result of flooding from the irrigation tailwater, large numbers of trees were killed on the District’s land in Flatford Swamp. Large numbers of trees were also killed downstream at the property of the Nature Center. After an extensive scientific study of the tree mortality, the District undertook projects to reduce the irrigation tailwater. When the District could not provide a specific time period for correcting the flooding problem, the Nature Center initiated suit against the upstream farming operations (“the agricultural defendants”).
The complaint set forth causes of action for negligence, trespass, private nuisance, and a statutory action to abate a public nuisance. The complaint sought damages and an injunction against the agricultural defendants and joined the Governing Board as a necessary party to its statutory action to abate a public nuisance. The Nature Center subsequently amended its complaint to add the District as a defendant to its claims for trespass and private nuisance and to add claims for inverse condemnation and negligence against the District. The amended complaint sought both damages and injunctive relief against the District.
The District filed a motion to dismiss on a variety of grounds, which included the expiration of the applicable statute of limitations, sovereign immunity, and the Nature Center’s failure to state a cause of action for injunctive relief. The District spent the vast majority of the hearing on its motion arguing its statute of limitations defense.
The trial court granted the District’s motion and dismissed the Nature Center’s complaint with prejudice as to the District. The trial court determined that section 373.443, Florida Statutes (2007), required dismissal of the damages claims based on sovereign immunity. As to the claim for injunctive relief, the trial court found that the complaint failed to state a cause of action because it did not allege fraud or a gross abuse of discretion. The court also found that injunctive relief would imper-missibly require the court to direct the District as to how to remedy the flooding problem on the Nature Center’s property. The court did not make a ruling on any of the other grounds raised in the District’s motion to dismiss, including the statute of limitations argument.
On appeal, the Nature Center argues that the trial court erred in dismissing the complaint based on the above findings. The Nature Center raises two nonsubstan-tive challenges to the trial court’s rulings as well. The District argues that even if the trial court’s order was erroneous, this court should affirm because the applicable statute of limitations has expired. We agree that the trial court’s findings in support of dismissal were erroneous. This determination renders the Nature Center’s nonsubstantive issues moot. We decline to reach the District’s tipsy coachman argument regarding the statute of limitations.

Sovereign Immunity

The trial court granted the District’s motion to dismiss the Nature Center’s claims for damages pursuant to section 373.443, which provides for sovereign immunity for the District against the filing of certain causes of action. On appeal, the Nature Center does not challenge the *608 court’s ruling as it pertains to the Nature Center’s claims for private nuisance, trespass, or negligence. Instead, the Nature Center argues that the court erred in determining that section 373.443 provides for sovereign immunity from its inverse condemnation claim because such a constitutional claim cannot be barred by a legislative grant of immunity.
The District concedes that section 373.443 could not be constitutionally applied to preclude an inverse condemnation claim by the Nature Center. However, the District argues that the Nature Center has not set forth a facially sufficient inverse condemnation claim. The issue of the facial sufficiency of the Nature Center’s inverse condemnation claim was not argued before the trial court, and the trial court did not address this issue below. Accordingly, we have no reason to infer that the court intended to dismiss the claim on this basis. We also decline the District’s request to address the argument for the first time on appeal. We note that the District should not be precluded from arguing this issue on remand.

Injunctive Relief

In its complaint, the Nature Center alleged that the District issued permits to the agricultural defendants that allowed the agricultural defendants to engage in floodwater irrigation. The Nature Center claimed that the floodwater irrigation caused tailwater from the agricultural defendants’ properties to flow through the Flatford Swamp, which is owned by the District, and kill trees on the Nature Center’s abutting nature preserve. The Nature Center acknowledged that the District and the agricultural defendants had undertaken a tailwater recovery project in order to relieve the problem. However, the Nature Center alleged that the tailwa-ter recovery project “had either not been implemented or had not been effective” because trees were continuing to die on the Nature Center’s property. The Nature Center asserted that, in the face of knowledge of the damage caused to the Nature Center by the irrigation tailwater, the District “continues to permit and condone the agricultural defendants’ practices, and has effectively granted the agricultural defendants a flowage easement across its property in Flatford Swamp and over the lands of the Nature Center downstream.”
The Nature Center sought the following injunctive relief against the District:
(4) an order requiring [the District] to manage its lands in Flatford Swamp so as not to destroy or damage the lands of downstream riparian landowners;
(5) an order enjoining [the District] from allowing excess water to pass through its lands to the detriment of downstream riparian landowners;
(6) an order requiring [the District] to monitor the waters passing through its property for nutrients, algae, and specific conductance; and requiring that such monitoring records be made available to ensure compliance, and to establish a water budget for the Upper Myakka River[.]
The trial court held that the Nature Center failed to state a cause of action for injunctive relief because it did not allege that the District committed a fraud or a gross abuse of discretion. The court held that, absent such allegations, it would not use equity to issue an injunction that interfered with the District’s exercise of legislative power. The court also concluded that it would be a violation of the separation of powers doctrine for the court to direct the District as to how to remedy the water flow problem.
*609 It is well settled that a court of equity-will not ordinarily substitute its judgment for that of an administrative board when acting within the scope of its authority as defined by law, neither will it move to restrain a presumptive breach of duty, a suspicion that an administrative Board will act illegally or will not follow the law. Its power will not be called into action when the right invaded is slight, technical or not substantial, where the injury may be easily compensated in damages or where the threatened injury to the one complaining would be slight in comparison to that about to be imposed on the public, or where fraud, malice, bad faith or bad motives are not shown.
State Road Dep’t v. Newhall Drainage Dist., 54 So.2d 48, 50 (Fla.1951). Thus, a court generally will not use its equity powers to interfere with an administrative agency’s exercise of legislative power absent “fraud or gross abuse of discretion.” Hillsborough County Aviation Auth. v. Taller & Cooper, 245 So.2d 100, 103 (Fla. 2d DCA 1971); see also Lee County v. S. Fla. Water Mgmt. Dist., 805 So.2d 893, 896 (Fla. 2d DCA 2001) (affirming denial of injunction because the petitioner had failed to show “a patent violation of law, or such a palpable abuse of authority as to be commensurate with illegality”).
However, there is an exception to this general rule for cases in which an administrative agency commits a public wrong or violates substantive rights without giving an equal benefit in return. Newhall, 54 So.2d at 50. In Newhall, the Newhall Drainage District and a landowner filed a complaint requesting that the court enjoin the Board of Commissioners of Everglades Drainage District from (1) placing two culverts under a state road to allow flood waters- to enter canals in the Newhall District and (2) cleaning, widening, and deepening the main diversion canal in the Newhall District so that it could receive floodwaters. 54 So.2d at 48. The chancellor entered the injunction, and the Everglades District appealed.
The Florida Supreme Court affirmed the entry of the injunction based on the chancellor’s determination that the Everglades District’s proposal would serve no useful purpose and would seriously endanger the lands in the Newhall District, would create a serious sanitation problem in a nearby city, and would cause other irreparable injury. Id. at 50. The court explained that it would not ordinarily use its equity power to interfere with the judgment of an administrative board but that the evidence supported the chancellor’s finding that the Everglades District committed “a public -wrong” or violated “substantive rights” without giving an equal benefit in return. See also Brumley v. Dorner, 78 Fla. 495, 83 So. 912 (1919) (holding that a board of county commissioners may be enjoined from flooding private property); Dep’t of Transp. v. Burnette, 384 So.2d 916 (Fla. 1st DCA 1980) (holding that the Department of Transportation may be enjoined from diverting water flow onto a landowner’s property).
In this case, the trial court recognized the general prohibition against the use of equity to interfere with an administrative agency’s exercise of legislative power absent “fraud or gross abuse of discretion.” However, the court failed to consider the exception for Cases involving a public wrong or a violation of substantive rights without giving an equal benefit in return. Because the Nature Center’s complaint contains such allegations against the District, the trial court erred in determining that injunctive relief was not available on this basis.
As a second basis for determining that injunctive relief was improper, the *610 trial court held that an injunction would violate the separation of powers doctrine because it would have to direct the District as to how to remedy the water flow problem. The court was correct that the separation of powers doctrine precludes it from entering an injunction that requires an administrative agency to perform its duties in a particular way. See In re K.C., 325 Ill.App.3d 771, 259 Ill.Dec. 535, 759 N.E.2d 15, 22 (2001); Mark v. State ex rel. Dep’t of Fish & Wildlife, 191 Or.App. 563, 84 P.3d 155, 164-65 (2004). However, a court may enter an injunction that gives an administrative agency the flexibility to choose the means by which to fulfill its duties. Mark, 84 P.3d at 164-65. Thus, for example, it is proper for a court to enter an injunction requiring the Department of Fish and Wildlife to take certain actions to control offensive uses of their beach as long as the court provides the Department with flexibility regarding implementation of these actions. Id.
The injunctive relief requested by the Nature Center in this case requests that the District (1) be required to manage its lands in Flatford Swamp so as not to destroy or damage the lands of downstream riparian landowners, (2) be enjoined from allowing excess water to pass through its lands to the detriment of downstream riparian landowners, and (3) be required to monitor the waters passing through its property for nutrients, algae, and specific conductance and to make its records available. We admit we have our concerns with the feasibility of these requests. It appears to us that the Nature Center’s real remedy is for the District to revoke the agricultural defendants’ floodwater irrigation permits. Of course, that would impermissibly require the ■ District to perform its duties in a particular way.
That said, the relief requested on the face of the Nature Center’s complaint does not require the District to manage the lands in Flatford Swamp in a particular way but gives the District the flexibility to choose the means by which to manage its lands in Flatford Swamp. It would therefore not be a violation of the doctrine of separation of powers for the court to award this relief upon a determination that it was indeed a feasible remedy. Accordingly, the trial court erred in dismissing the Nature Center’s claim for injunctive relief on this basis.
As part of their defense against the Nature Center’s arguments in this issue, the District argues that an injunction would not be appropriate because a claim for inverse condemnation constitutes an adequate remedy at law. We decline to reach this issue at this time given the fact that it has not been conclusively established that such a remedy is available to the Nature Center. We believe that this is an argument for the trial court.

Statute of Limitations

In this claim, the District argues that even if the court erred in dismissing the complaint on the bases provided, the dismissal should be affirmed on statute of limitations grounds. While this issue was raised in the District’s motion to dismiss and argued to the court at the hearing on the motion, it was not ruled upon below. For this reason, we do not find it appropriate to reach this issue at this time. We note that the trial court is not precluded from ruling on this issue on remand.

Conclusion

In conclusion, we affirm the order dismissing the damages claims against the District with the exception of the claim for inverse condemnation. We conclude that the court erred in determining that the District enjoys sovereign immunity from a claim for inverse condemnation. We also conclude that the court erred in determin *611 ing that the complaint failed to state a cause of action for an injunction.
Affirmed in part; reversed in part; and remanded.
WHATLEY and DAVIS, JJ., Concur.